HEIDLEBAUGH v. WAGNER ET AL.

1. **Appeal**: PRACTICE: APPEAL FROM JUDGMENT ON PLEADINGS IN EQUITY: ASSIGNMENT OF ERROR. Where the action was in equity, and all the allegations of fact in the petition were admitted in the answer, and a demurrer to the answer was sustained, and judgment was rendered for plaintiff on the pleadings, and the appeal is from such judgment, *held* that no assignment of errors was necessary to a trial *de novo* in this court. (*Early v. Burt*, 68 Iowa, 716, followed.)

2. **Will**: CONSTRUCTION: REPUGNANT CLAUSES. The testator, in the first three paragraphs of his will, devised certain described real estate. The fourth and fifth paragraphs were as follows: "*Fourth.* As to the residue of my estate, real, personal and mixed, after the above bequests, I give and bequeath to my only children, (naming them,) share and share alike. *Fifth.* Any real estate not above bequeathed, and remaining unsold at my death, I hereby authorize my executor to sell or dispose of the same to the best interest of all concerned." *Held* that the real estate not devised by the first three paragraphs went to the executor, to be sold by him, and the proceeds distributed to the legatees named in the fourth paragraph. This conclusion is reached, whether it is attempted to give force and effect to both paragraphs four and five, or whether they are regarded as irreconcilably repugnant to each other—the rule being that every portion of the instrument must be made to have its just operation, unless there arises some invincible repugnance, or unless some portion of it is absolutely unintelligible; but where there is an invincible repugnance between two paragraphs, the latter must prevail, as being the latest expression of the intention of the testator.

*Appeal from Louisa District Court*—HON. W. R. LEWIS, *Judge.*

THURSDAY, OCTOBER 13.

THE plaintiff and defendants are devisees under the will of Philip Wagner, and this action was brought to obtain partition of certain real estate belonging to said Wagner at his death. There was a judgment for the plaintiff, and the defendants appeal.

*Power & Huston*, for appellants.

*Hurley & Hale* and *Newman & Blake*, for appellee.

SEEVERS, J.—Philip Wagner, in his life-time, executed a will, which was duly admitted to probate. With the exception of the first, the several paragraphs in the will are not numbered, but, for convenient reference thereto, we will number them. In the first three paragraphs, certain real estate is specifically devised to the plaintiff and a brother and sister. The real estate so devised is specifically described, and the fourth and fifth paragraphs are as follows: "*Fourth.* As to the residue of my estate, real, personal and mixed, after the above bequests, I give and bequeath to my only children, John Calvin Wagner, Lucinda Heidlebaugh, Malinda Westbrook and George Washington Wagner, share and share alike. *Fifth.* Any real estate not above bequeathed, and remaining unsold at my death, I hereby authorize my executor to sell or dispose of the same to the best interest of all concerned; the executor to use his own discretion in disposing of the property to the best advantage. All stock on hand at my death intended for pasture during the season shall remain and be pastured, on the pasture land, under the direction of my executor, without change or interruption by any to whom said land is bequeathed, for that season." The defendant G. W. Wagner was by the will appointed executor. At the time of his death, the testator owned considerable real estate which was not specifically devised or described in the first, second or third paragraphs; but the plaintiff claims that such real estate was devised to the persons named in the fourth paragraph, and that she is entitled to a partition thereof. On the other hand, the defendant claims that by the fifth paragraph the executor was authorized to sell such real estate, and distribute the proceeds as provided in the preceding paragraph. A demurrer to the answer setting up such defense was sustained—to which the defendant excepted, and elected to stand on the answer; and it was ordered and adjudged by the court that the land described in the petition be partitioned.

I. No errors are assigned, and counsel for the appellee

insist that for this reason no question is presented in the record which can be considered by this court.

**1. APPEAL: practice: appeal from judgment on pleadings in equity: assignment of errors.**

This action is in equity, and all allegations of fact in the petition were admitted in the answer, and judgment was rendered on the allegations in the pleadings, and the appeal is therefrom. The appellant was therefore not required to assign errors. The hearing in this court is *de novo*. *Early v. Burt*, 68 Iowa, 716.

II. It is fundamental that the will must be read and construed as a whole, and the intention of the testator thus ascertained.

**2. WILL: construction: repugnant clauses.**

The testator, in the fourth paragraph, devised all of his real estate not included in the specific devises preceding it; and in the fifth he devised all of his real estate, not before devised, to his executor, and directed the latter to sell and dispose thereof to the best interests of all concerned. Now, all of his real estate had been previously devised by the fourth paragraph, if the devisees therein named were invested with the legal title; and the devise to and authority given the executor must be rejected as surplusage. And this is the view of the district court, as we are informed by counsel. But it is the settled rule in the construction of wills that "every portion of the instrument must be made to have its just operation, unless there arises some invincible repugnance, or else some portion of it is absolutely unintelligible." (Redf. Wills, 431.) Therefore, the fifth paragraph cannot be disregarded, unless such repugnancy exists. Reading the fourth and fifth paragraphs together, for the purpose of arriving at the intent of the testator, giving due weight to each provision, we think the testator intended to bequeath the proceeds of such real estate to the persons named in the fourth paragraph, and that the same should be sold by his executor. It must be remembered that the testator had previously specifically devised certain real estate. Then follows the fourth paragraph, which amounts to a devise of all his estate, real, per-

sonal and mixed; and his executor, in the fifth paragraph, is directed to sell the real estate so devised for the best interest of the legatees. This construction gives effect to all the provisions of the will, and we think it is sustained by the following cases: *Pratt v. Rice*, 7 Cush., 209; *Snyder v. Miller*, 67 Iowa, 261. But if we are wrong in this, if there is an irreconcilable repugnance between the fourth and fifth paragraphs of the will, then the latter must prevail, because it is the latest expression of the intention of the testator. *Armstrong v. Crapo, post*, 604.

REVERSED.