ARMSTRONG v. CRAPO, EX'R.

1. **Will:** REPUGNANT CLAUSES: LIFE ANNUITY LIMITED BY SUBSEQUENT PROVISION. In construing a will, the intention of the testator as expressed in the will must prevail; and, to ascertain this intention, all the provisions of the will must be considered; and when there is an irreconcilable repugnancy between two provisions, the one which is last expressed in the will must prevail, as being the latest expression of the testator's intention. (See *Heidlebaugh v. Wagner, ante*, 601.) Accordingly, where certain annuities were, in the first part of the will, devised to certain named persons for life, but such annuities were not made a charge on the real estate, and it was clear from subsequent provisions of the will that the testator intended that the estate should be closed up by the trustees at the end of ten years from his death, and the property conveyed to the beneficiaries, *held* that there was such a repugnancy between these provisions that both could not stand, and that the annuities ceased at the end of the ten years.

*Appeal from Des Moines Circuit Court.*

FRIDAY, OCTOBER 14.

ACTION to obtain a construction of the will of John H. Armstrong.

*John C. Power*, for appellant.

*Hall & Huston* and *P. Henry Smyth & Son*, for appellee.

SEEVERS, J.—By his last will John H. Armstrong provided that his just debts and funeral expenses should be first paid.

In the first, second, third and fourth items, provision was made for his wife, and, among others, it is provided that $1,000 per annum is to be paid her for and during "her natural life." To Sarah Garman $1,000 was devised, to be paid her semi-annually "during her natural life." The sixth item in the will is as follows: " I give and bequeath to John Gregg Armstrong the sum of three hundred dollars per annum, to be paid him semi-annually by my executors during his natural life." There are five other annuities provided for in the will in precisely the same language. Then follows a devise to Robert Emmett Armstrong of $500, to be paid by the executors within a reasonable time after the death of the testator. Then follow the following provisions:

"Item 12. If any person to whom an annuity has been given in this instrument shall die before the final distribution of my estate, leaving issue, I direct that the, before-mentioned annuity shall be be paid by my executors to their surviving children, *pro rata.*

"Item 13. On the final distribution of my estate, after setting off one-third to my beloved wife, Esther Armstrong, which is her just and proper share, I direct my executors to divide the balance in equal parts among my daughter, Sarah Garman, and my grandchildren, Laura L. Garman, M. Alice Garman, John Garman and Grace Garman, or among such of them as may survive. If any of the above-mentioned grandchildren shall die leaving issue, their children shall inherit the parent's share.

"Item 14. I give and bequeath to my beloved wife, Esther Armstrong, and A. W. Parsons, and P. M. Crapo, in trust for the uses herein expressed, all the rest and residue of my estate, both real and personal, to-wit: In case my personal property shall not be sufficient to pay off the various bequests herein made, or any obligation outstanding against me, then the said trustees, or the survivors of them in case any be dead, shall sell enough of my real estate for that purpose. It is my desire that they hold the remaining portions thereof after all payments are made; that they

shall collect the rents and profits thereof, and, after the payment of taxes, that all surplus money be invested at such rates of interest as they may be able to obtain; and that they shall hold said property, and so collect said rents and interest, for the period of ten years after my decease. At the expiration of said ten years, I desire that my trustees shall pay over all sums in their hands, and convey said real estate to my heirs, as designated in this will, unless I should hereafter direct otherwise. In the event of destruction of property, my trustees shall have the power to rebuild, or sell the ground, and invest the proceeds, if in their estimation it shall be for the best interest of my estate."

Esther Armstrong, A. W. Parsons and P. M. Crapo were named as executors. The assets of the estate amounted to about $100,000, three-fifths of which consisted of real estate The court found and determined that the will provided there must be final distribution of the estate at the expiration of ten years after the death of the testator, in 1876, and therefore the annuity to the plaintiff ceased at that time; and this is the sole question we are required to determine.

It is the well-settled rule in the construction of wills that the intention of the testator as expressed in the will must prevail. For the purpose of ascertaining such intention, all the provisions of the will may and should be considered. If the sixth item of the will stood alone, there is no doubt that the plaintiff would be entitled to the annuity for and during her natural life. It is equally as clear that the will provides that final distribution shall be made in ten years after the testator's decease, and the real estate conveyed to the beneficiaries designated in the will, unless the testator should "direct otherwise." No such direction was afterwards given, and the annuities were not, by any specific provision of the will, made a charge on the real estate after the same should be conveyed to the designated heirs. It is insisted by counsel for the plaintiff that the fourteenth item of the will clearly provides that the estate should be divided into two parts; one to be used in paying the indebtedness

and annuities, and the other to be held by the trustees, and then distributed to the beneficiaries named in item thirteen. In this proposition we cannot concur, for the reason that at the time named the whole estate was to be distributed. At that time the trustees were to divest themselves of the title to all the property, and invest the beneficiaries with such title. There is nothing in the will which indicates that it was the intention of the testator that there should be a partial division only, or that the annuities should be charged on the property in the hands of the beneficiaries.

It is further insisted that item thirteen does not bequeath all of the estate to the trustees, because there is reserved a sufficient amount to pay off the various bequests made in the will. Conceding this, yet it is clear that the trustees were to distribute and convey the property to the beneficiaries at the expiration of ten years after the testator's decease; so that, under any view that may be taken of the will, in our opinion, there is, without a doubt, a repugnance between the sixth and fourteenth items thereof. The question, then, is, what construction shall be adopted? The will, because of such repugnancy, should not be regarded as void; but in such case, as a last resort, the well-recognized rule applies that where "two clauses or gifts are irreconcilable, so that they cannot possibly stand together, the clause or gift which is posterior must prevail, and be regarded as expressing the latest intention of the testator." Jarm. Wills, 472; 1 Redf. Wills, 451. The reason upon which the rule is based is said by Redfield to be that the testator must be considered, when the last clause in the will was written, upon reviewing what preceded it, to have reached the conclusion that his intention had not been clearly expressed, and therefore the last clause was written as the final expression of what he most desired. Regarding it to be well settled that such is the rule, although there may be some difference as to the reasons upon which it is based, we think it is applicable to this case, and therefore the judgment of the circuit court must be

AFFIRMED.