PETITION OF LEWIS A. FISHER *et al.* for an Opinion of the Court.

19  53
19  686
19  53
20  502

A testator by the second clause of his will devised the L. estate to his wife during her life, adding, "and the expenses of keeping the same in repairs, together with taxes, shall be paid out of my estate, by my executors herein-after named; and at her decease it is my wish that the same be given to my two sons, F. E. S. and A. A. S., subject to the same conditions as the property mentioned in clause fourth of this my last will and testament."

By the fourth clause he gave the income of all his property to his wife and three sons G. E. S., A. A. S. and F. E. S., one quarter part to each, "until my youngest son then living shall have attained the age of forty years," and continued : "At the expiration of said time, it is my will that all my property, real, personal and mixed, shall then be divided into four equal quarter parts, and that my said sons, G. E. S., A. A. S. and F. E. S., shall each respectively receive one equal quarter part of said property, to them, their heirs and assigns forever." He then gave the remaining quarter part of all his estate " at the expiration of said time " to his wife during her natural life "and at her decease, it is my wish that said quarter part of the income (if she should decease before the youngest son living shall have attained the age of forty years) shall be equally divided between my two sons A. A. S. and F. E. S., subject to the same conditions as to income or property herein devised and bequeathed. . . ."

The testator's youngest son attained the age of forty years, the widow surviving.

The administrator *de bonis non* with the will annexed having personal estate of the testator and accrued income thereof in his possession for distribution and payment to the parties entitled,

*Held,* that so much of the testator's personal estate as may be necessary to pay for repairs and taxes on the L. property during the continuance of the widow's life interest therein should remain undivided in the administrator's hands to be held by him for such payment; the construction given to the will being that the testator intended his widow's life estate in the L. property to continue unburdened with the expenses of repairs and taxes so long as it should endure, as provided in the second clause of the will, notwithstanding the direction in the fourth clause for the division of all his property when the youngest son should have attained the age of forty years.

G. E. S. being indebted to the testator's estate for a balance due on a judgment obtained against him by the executors,

*Held,* that the administrator *de bonis non* properly applied to the satisfaction of the balance of the judgment so much of G. E. S.'s share of the income of the personal estate as was required for that purpose.

On the petition of the wife of G. E. S. this court granted her a divorce, and by the decree awarded her for alimony and for the support, education and maintenance of her children the income of all the real estate belonging to G. E. S. at the time of the filing of the petition, and also the income arising from the real estate devised to him by his father's will, and also his personal estate, and further, for the support, education and maintenance of the children, all of G. E. S.'s right, title and interest in his real estate, including the real estate devised to him by his father's will.

G. E. S. died before the testator's youngest son attained the age of forty years.

*Held*, that the quarter part of the personal estate and the accrued income arising therefrom given to G. E. S. by his father's will, was not included in the decree for divorce, and belonged to the administrator on the estate of G. E. S.

CASE stated for an opinion of the court under the Judiciary Act, cap. 20, § 24.

*April* 5, 1895. MATTESON, C. J. This is a case stated for the opinion of the court. Edson A. Sammis, of Barrington, died in September, 1877, leaving a last will and testament, duly admitted to probate, of which the portions material to the questions involved are as follows :—

"Second. I give and bequeath unto my beloved wife, Martha G. Sammis, the lot of land with buildings and improvements thereon, situated on Lockwood Street, in the city of Providence, for and during her natural life, and the expenses of keeping the same in repairs, together with taxes, shall be paid out of my estate, by my executors hereinafter named ; and at her decease, it is my wish that the same be given to my two sons, Frederick E. Sammis and Albert A. Sammis, subject to the same conditions as the property mentioned in clause Fourth of this, my last will and testament."

"Fourth. I give and devise unto my beloved wife, Martha G. Sammis, the income arising from one undivided quarter part of all my estate, real, personal and mixed, and to my three sons, George E. Sammis, Albert A. Sammis and Frederick E. Sammis, the income arising from the remaining three-quarter parts of all my estate, real, personal and mixed, until my youngest son then living shall have attained the age of forty years.

"At the expiration of said time, it is my will that all my property, real, personal and mixed, shall then be divided into four equal quarter parts, and that my said sons, George E. Sammis, Albert A. Sammis and Frederick E. Sammis, shall each respectively receive one equal quarter part of said property, to them, their heirs and assigns forever.

"I give and devise the remaining quarter part of all my estate, at the expiration of said time, to my beloved wife, Martha G. Sammis, for and during her natural life, and at

her decease, it is my wish that said quarter part of the income (if she should decease before the youngest son living shall have attained the age of forty years) shall be equally divided between my two sons Albert A. Sammis and Frederick E. Sammis, subject to the same conditions as to income or property herein devised and bequeathed and to the further condition on the part of my said son, George E. Sammis, that he shall sell, or otherwise dispose of the trotting or sporting horse now owned by him and shall not buy or replace said horse by another for the purpose of trotting or sporting, and shall attend strictly to his business; and in case he shall not observe and obey these my wishes, he shall not have or draw the said income, or any part thereof, but said income shall be divided equally among my other heirs until the youngest son shall have attained the age of forty years; but this is not to interfere or encroach in any way upon my said son (George E. Sammis') quarter part of the property."

The testator left a widow, Martha G. Sammis, who is still living, and three sons, George E. Sammis, Albert A. Sammis and Frederick E. Sammis.

George E. Sammis, at his father's decease, was the husband of Cora E. Sammis, by whom he had three children, viz., Edward A. Sammis, George L. Sammis and Eileen P. Sammis, all of whom are now living, and the first of whom has attained the age of twenty-one years.

At the October Term, 1879, of this court, Cora E. Sammis obtained a divorce from George E. Sammis. The decree for divorce awarded her the custody of their children and provided that she should be allowed the rents, profits and income of all the real estate belonging to George E. Sammis at the time of the filing of the petition for divorce, and the rents, profits and income arising from the same given to him in and by the last will and testament of Edson A. Sammis, deceased, and also the personal estate of said George E. Sammis, one half of the rents, profits and income of the real estate being allowed to said Cora during her natural life, together with half of the personal estate as alimony; the other half of the

rents, profits and income of the real estate, together with the half of the personal estate, until the further order of the court, for the purpose of supporting, educating and maintaining their children ; for which purpose the decree also awarded to her all the right, title and interest of the said George E. Sammis in his real estate, including that which belonged to Edson A. Sammis, in his life time, and devised to said George in the last will and testament of said Edson. Subsequently to the divorce, Cora E. Sammis married Charles E. Medbury, and George E. Sammis married Anna G. Sammis. In June, 1894, George E. Sammis died, leaving the said Anna G. Sammis his widow, but no children by his second marriage. His eldest son by his first marriage, Edward A. Sammis, is the duly qualified administrator of his estate within this State.

Frederick E. Sammis, the youngest son of the testator, Edson A. Sammis, attained the age of forty years, July 18, 1894.

Lewis T. Fisher, administrator *de bonis non* with the will annexed on the estate of the testator, has a large amount of personal estate of the property and estate of the testator, and also a large sum of money, being the balance of the one quarter part of the income, dividends and profits arising and accruing from the personal estate of the testator, after deducting the amount of a judgment referred to below, and which, except for the conditions contained in the will and the decree for divorce mentioned above, would by the terms of the will be payable to the said George E. Sammis. The administrator desires to pay this balance of the income, dividends and profits to the person or persons entitled to it, and also to divide and distribute the personal estate of the testator in his possession among the persons entitled thereto.

At the time of the decease of the testator, and before the petition for divorce was filed, George E. Sammis was indebted to the testator in a large sum of money. At the December Term, 1883, of the Court of Common Pleas for Providence County, Albert A. Sammis and Henry Staples, then executors of the will of Edson A. Sammis, recovered judg-

ment against George E. Sammis for $762.93 and costs of the suit taxed at $7.80.    Fisher, after his appointment as administrator, took out execution on this judgment and had it levied on the right, title and interest of George E. Sammis in a lot of land on Crary street in Providence, which was afterwards sold at public auction under the execution for fifty dollars.    A sufficient amount of the quarter part of the income, dividends and profits arising and accruing from the personal estate of the testator, and which, except for the conditions of the will concerning George E. Sammis and the decree for divorce, would be payable to him, has been applied by the administrator to the satisfaction of the balance of the judgment, which is now fully satisfied and paid.    The residue of said one quarter, after the payment of the balance due on the judgment in the hands of the administrator, is $970.28.

Albert A. Sammis and Frederick E. Sammis, who are the only persons entitled to take advantage of the failure of George E. Sammis to observe the conditions in the will, have waived all right to insist on such failure, if failure there was.

The questions raised in the petition, in which all persons have joined, relate only to the personal estate of the testator, all questions concerning his real estate having been passed upon by the court in its former opinion, *Sammis* v. *Sammis*, 14 R. I. 123.

The first question is shall the personal estate of said Edson A. Sammis be divided in four equal parts and paid to the parties entitled to receive the same, as provided in the fourth clause of the will; or shall the personal estate or some portion thereof remain undivided for the purpose of enabling the administrator to continue to pay the expenses of keeping the Lockwood street estate in repair and the taxes assessed against the same, as provided in the second clause of the will.

In considering clauses in a will which are inconsistent, it is the duty of the court to give effect to the testator's intention, if it can be ascertained.    If there is no room for a construction which will harmonize the conflicting provisions, the general or predominant intent of the testator, if discoverable,

is to be given effect, and the particular or subsidary intent must yield. If no general or predominant intent is discoverable and the clauses are irreconcilably repugnant, the court, as a last resort, will give effect to the intent expressed in the later clause of the will. It is contended, by counsel for the administrator and for Albert A. and Frederick E. Sammis and the children of George E. Sammis, that the second and fourth clauses of the will are irreconcilably repugnant, and that the intent of the testator that all his property shall be divided as expressed in the fourth clause should be held to be paramount to his intent expressed in the second clause relative to the payment of expenses for repairs and taxes on the Lockwood street estate during the continuance of the life estate of his widow ; or, if not paramount, that it should prevail because it is the later expression of the testator's intent. It is suggested in argument that, in view of the postponement of the division of the property to the late period at which it is directed to be made, the testator had in mind the probability that the life estate of his widow in the Lockwood street estate would have terminated before the time for division arrived, and, hence, that the second clause should be read that the executors should pay out of the estate the expenses of keeping the Lockwood street estate in repair, and the taxes thereon, until the time when the youngest son then living should attain the age of forty years, provided Martha G. Sammis should live so long. This suggestion is based on the assumption that the testator in framing the second clause, contemplated the probability of the death of his widow before the time for division, as provided in the fourth clause. But it can hardly be assumed that the probability of his widow's death, before the time for division of the property was in the testator's contemplation, since the fourth clause itself provides for the payment of the income to her of one quarter of the property after the division during her natural life. We find no indication in the will that the testator's intent as expressed in the fourth clause should be paramount to that expressed in the second ; nor do we think that the fourth clause should be held to be paramount to the second merely because

it is the later expression in the will. Both clauses are contained in the same instrument, and are both, therefore, simultaneous expressions of the testator's intent; and there is on that account less ground for inferring a change of intent than there would be if the provisions of the fourth clause were contained in a codicil executed after the lapse of a considerable interval of time. And, beside, as already stated, the rule which gives effect to the later expression of the testator's intent is to be resorted to only when all attempts to reconcile inharmonious provisions have proved unavailing. We think that it is hardly to be presumed, in the absence of any other indication of the will than that afforded by the inconsistent language of the fourth clause, that it was the intention of the testator to impose the payment of the expenses for repairs and taxes on his widow's life estate, from which he had previously exempted it, at a period when, presumably, by reason of her advancing years, she would be less able to provide for the payment. We think that it is a more reasonable presumption that he intended that his widow's life estate should continue unburdened by the expenses for repairs and taxes, and that the omission to except from the division of his property so much as should be necessary to provide for repairs and taxes on the Lockwood street estate was inadvertent. We are of the opinion, therefore, that the fourth clause should be modified to this extent, and that so much of the personal estate as shall be required to enable the administrator to pay the expenses for keeping the Lockwood street estate in repair and the taxes assessed against the same, as provided in the second clause, shall remain undivided in the hands of the administrator, to be held by him for such payment.

The second question is: "Should a sufficient portion of the rents, income and profits of the personal estate in the hands of the said Lewis T. Fisher, administrator as aforesaid, given and bequeathed to said George E. Sammis in said will of said Edson A. Sammis, have been applied by said Lewis T. Fisher to the payment of said judgment against said George E. Sammis?"

We are of the opinion that this question should be answered in the affirmative. In *Armour* v. *Kendall*, 15 R. I. 193, it was held that a legatee indebted to the testator's estate is entitled to the excess only of the legacy over the debt. The present case is within the principle of that decision.

The third and fourth questions submitted are as follows:—

"Should the one quarter part of the rents, income and profits arising and accruing from the personal estate of said Edson A. Sammis, deceased, and now in the hands and possession of said Lewis T. Fisher, administrator as aforesaid, given and bequeathed in said will to the said George E. Sammis, be paid to the said Cora E. Medbury, by virtue of the provisions contained in said decree for divorce entered upon the petition of said Cora E. Sammis vs. George E. Sammis; or to the administrator on the estate of said George E. Sammis?"

"In the distribution of the personal estate of said Edson A. Sammis, to whom shall the quarter part bequeathed to said George E. Sammis be paid?"

We are of the opinion that the rents, profits and income, and the quarter of the personal estate in question are to be paid to the administrator on the estate of George E. Sammis, and not to Cora E. Medbury under the decree for divorce.

Though the term "personal estate" as used in the decree, standing by itself, would be broad enough to have included such rents, profits, income and personal estate, we think that it is evident, from a consideration of the decree as a whole, that they were not in the contemplation of the court in the entry of its decree. The decree, it will be observed, awards to the petitioner as alimony, and for the support, education and maintenance of her children, not only the rents, profits and income of the real estate belonging to the respondent, but also specifies the rents, profits and income arising from real estate given to him in the will, and further, for the support, education and maintenance of her children, all the respondent's right, title and interest in his real estate, including all belonging to the testator and devised to the respond-

ent in the will, while the award of the personal estate is merely of the personal estate of the respondent, without referring to that which he was to receive at some future date under the will. The express reference to the real estate which was given to the respondent in the will, and the absence of any reference to the personal estate given to him in the will, excludes the idea that the court, in framing its decree, intended that it should include the personal estate coming to the respondent under the will. "*Expressio unius personæ vel rei est exclusio alterius.*"

*Benjamin M. Bosworth, Simon S. Lapham & F. Rockwood Hall,* for different petitioners.