## In re Estate of S. C. Freeman.

**Wills:** RULES OF CONSTRUCTION. A will should be construed according to the testator's intent as ascertained from the will itself and other legitimate sources; and it should be effectuated if possible. A will should be construed as a whole so as to give effect to each provision thereof, if possible; and should be so construed as to avoid repugnancy. Where the provisions of a will are in irreconcilable conflict, the last provision as a rule will control. Where a fee is granted to the first taker any attempt by the testator to direct the course of descent thereafter is void for repugnancy. Ordinarily conditions may be imposed upon a devise when not contrary to public policy, or repugnant to the estate granted; but courts favor a condition which creates an absolute rather than conditional estate.

**Same:** LAPSE OF LEGACY: DESCENT: DISTRIBUTION. In the absence of a statute a devise to one who dies before the testator lapses upon his death, and the estate will pass under a residuary clause, or if there be none, then to the testator's heirs, unless the will clearly shows an intention that the estate should pass to the heirs of the devisee; but under our statute the heirs of a devisee who dies before the testator inherit the property devised to him, unless a contrary intent is manifest in the will.

**Same:** CONDITIONS: CONSTRUCTION: PUBLIC POLICY: REPUGNANCY. In the instant case the testator devised to each of his children one-eleventh of his estate upon the conditions expressed in subsequent paragraphs. One of the conditions was that the aggregate of

certain advancements made to certain named children should be added to his estate, and the advancements to each should be deducted from his respective share, the children to whom advancements had not been made to receive the one-eleventh in full. By another paragraph of the will the bequests to two of the children were to be paid them in stated amounts annually during their natural lives, or to the full amount of the bequest, and if either died before receiving the amount of the bequest the balance to revert to the estate and be distributed among the remaining legatees then living.  By a codicil it was provided that if a certain legatee died prior to the testator the devise should go to his wife.  *Held,* that the conditions imposed were not contrary to public policy, and that there was no such ambiguity or repugnancy therein as would defeat any provision of the will or codicil.

**Same:**  CONSTRUCTION.  It is also held that the share given to one of his sons who died prior to testator passed to his wife under the provisions of the codicil, and not to the heirs of such deceased son.  And that the share going to a daughter under the will, had she survived the testator, passed to her heirs under the provision of Code, section 3281.

**Same.**  It is further held that the annuities given one of the sons would not go to his heirs upon his death, but to testator's heirs, named in the will and living at the time of testator's death.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, Judge.

TUESDAY, FEBRUARY 15, 1910.

THE administrator of the estate of S. C. Freeman and all the heirs of the said Freeman filed motions and petitions for the construction of the will of the deceased. The matter was submitted to the district court, sitting as a court of probate, resulting in an order to the effect that a certain paragraph of the will was inoperative and nonenforceable because repugnant to other provisions of the instrument, and that the eleven children of the deceased, or their successors, each took a one-eleventh of the property.  The parties who might have taken, under the

clause of the will declared to be inoperative, appeal.—*Modified* and *remanded*.

*Stanley & Stanley,* for appellants.

*McCoun & Burrell, Wm. M. Jackson, Frank Wisdom,* and *W. R. Brant,* for appellees.

Deemer, C. J.—The will of the deceased, so far as material, reads as follows:

Par. III. I will and bequeath to my sons, William James Freeman, Samuel William Freeman, Valentine Wilson Freeman, Lee Bird Freeman, Frank Leasure Freeman and Benjamin Campbell Freeman, and to my five daughters, Martha Jane Johnson, Caroline Keasling, Emma Farnham, Armitta Hoskinson and Hattie Raff, each the one-eleventh in value of my entire estate, both real and personal; upon the express provisions and conditions stipulated in paragraph IV and V of this will, to wit:

Par. IV. Whereas, my said son, William James Freeman, has had the sum of Fifty Dollars and Forty Cents; my said son, Samuel William Freeman, has had the sum of Eight Hundred Eleven and 21-100 Dollars; my said son, Valentine Wilson Freeman, has had the sum of Eighty-five Dollars and Sixty-Five Cents; my said son, Lee Bird Freeman, has had the sum of Five Hundred Ten and 70-100 dollars; and Benjamin Campbell Freeman has had the sum of Seven Hundred Twenty-One and 80-100 dollars given them by way of advancement, aggregating in all the sum of Two Thousand, One hundred Seventy-Nine dollars and Seventy-five Cents, which has been given my said sons by way of advancement in anticipation of such sons respective shares of my estate. Whereupon it is my will, and I direct, that said aggregate amount of Two Thousand One Hundred and Seventy-Nine Dollars and Seventy-Five Cents be added to my estate at my decease, and that each of my said sons enumerated in this paragraph have one-eleventh of said estate, less the amount theretofore received by him as stated in

this paragraph, and that all my daughters named in paragraph three and my said son, Frank Leasure Freeman, each receive one-eleventh of my entire estate as stated after adding the said sum received by way of advancement above enumerated.

Par. V.  I further direct and it is my will that the one-eleventh of my estate so given and bequeathed to my said son, William James Freeman, and the one-eleventh given to my said son, Samuel William Freeman be given and distributed to them and each of them as follows, to wit: That they and each of them receive the sum of Twenty-five Dollars per annum of their said share during their natural lives or until they or each of them receives his full one-eleventh of my said estate, as stipulated in this will, and in case they or either of them should become deceased before receiving his full one-eleventh of my said estate as above directed, I will and direct that the remaining unpaid balance belonging to him revert back to my estate and be divided among my remaining heirs living at that time and named in this will.

Par. VI.  And I will and request that all my estate, both real, equitable, and personal, of which I may die seized or possessed of be divided among my said heirs as in this will directed, and that said division be made under the direction of the Court in equitable and legal manner as by law directed.

After the execution of the will the testator made and properly executed the following codicil:

In case my son, Frank Leasure Freeman, mentioned in paragraph three of my said will should die previous to my decease, then and in that event, I desire and request and it is my will, that all the property given to him in my said will be given, and I so order, devise and bequeath to his, my said son's wife, Ader Freeman, it being my intention and desire, and I so will, to give unto the said Ader Freeman all the property, rights and benefits willed and bequeathed to my said son, Frank Leasure Freeman in the event that he, my said son, should depart this life previous to my death.

The case was tried on an agreed statement of facts from which we extract the following:

It is admitted that at the time of the execution of said will all of the beneficiaries of said will mentioned in paragraph 3 thereof, were living. It is further admitted that on or about January 1, 1905, one of the beneficiaries named in said paragraph, Samuel William Freeman, died intestate; that at said time he left a surviving widow, America Freeman, and the following named children, to wit: O. J. Freeman, Laura T. Freeman, Willie Freeman, Artie Freeman, Jessie Freeman, Myrtle Freeman, Maggie Freeman, Mary Smith, Mrs. Maud Grayson, Mrs. Grace Walker, B. W. Freeman, and D. G. Freeman. It is further admitted that said Frank Leasure Freeman, named in said paragraph 3 of said will died on the ———— day of December, 1904, and that he left a surviving widow, Ada Freeman, being the said Ada Freeman referred to in the codicil of said will, and left no surviving children. It is further admitted that the said Hattie Raff died on the 1st day of January, 1907, and that she died intestate, and left a surviving husband, A. M. Raff, and the following children, to wit, Lela Raff and Lloyd Raff, both minors; that the said minors are represented herein by their legal guardian, L. L. McGregor. It is further admitted that the other named children of the testator, Samuel C. Freeman, named in said paragraph 5, to wit, William James Freeman, Benjamin C. Freeman, Lee B. Freeman, Valentine W. Freeman, Martha J. Johnson, Caroline Keasling, Emma Farnham, Armitta Hoskinson are now living and appear in this action, and that the heirs or representatives of the said Samuel W. Freeman, Frank L. Freeman, deceased, and Hattie Raff, deceased, are represented, and that all parties herein join in asking a construction of the will. It is further admitted of record that the estate is sufficient after the payment of all debts, charges, and costs to pay to the eleven heirs named in paragraph 3 of said will, if said heirs were to receive equal amounts, about $2,000 each.

Upon this record the trial court made the following finding:

The court construes the will to give to the following named parties at this time one-eleventh of the estate of Samuel C. Freeman to the following heirs of Samuel C. Freeman, to wit: O. J. Freeman, Laura T. Freeman, Willie Freeman, Artie Freeman, Jessie Freeman, Myrtle Freeman, Maggie Freeman, Mary Smith, Mrs. Maude G. Grayson, Mrs. Grace Walker, B. W. Freeman, and D. G. Freeman; and one-eleventh to each, William James Freeman, Valentine Wilson Freeman, Lee Bird Freeman, Benjamin C. Freeman, Ada Freeman, Martha J. Johnson, Caroline Keasling, Armitta Hoskinson, and Emma Farnham; and one-eleventh to the children of Hattie Raff, to wit, Lela Raff and Lloyd Raff. In case any of the said heirs are dead it is decreed by the court that their living children shall inherit and receive the share awarded to such deceased heirs, to all of which all the parties at the time duly excepted.

For appellants, it is contended that in this there is error because there is no ambiguity, repugnancy, or conflict in any of the paragraphs of the will, and that if there be any contradiction, paragraph 5, being the last clause, must prevail. It is also insisted that the heirs of Samuel W. Freeman, deceased, take nothing through him under the will, for the reason that he died before the testator's demise, and by the express provision of the will his share became a part of the parent estate to be distributed as provided in the will. It is also argued that Ada Freeman is not entitled to any part of the parent estate reverting from the shares devised to Samuel W. and William J. Freeman for the reason that she is not an heir of the testator; is not named in the will, but only in the codicil; and that said codicil gives her nothing save property willed to Frank L. Freeman, and nothing passed to him because he died before the testator. Further, it is argued that

advancements made by testator to Hattie Raff should be charged against her and brought into the estate.

A fundamental canon for the construction of wills is that the testator's intent is to be ascertained from the terms of the will and other legitimate sources, and this intent carried into effect, unless there be some insuperable objection thereto. Again, the will should be construed as a whole, and effect given to each and every provision thereof, if this can be done, and the will should be so construed as to avoid repugnancy, if that be possible. There are some other pretty well settled general rules that should be stated in this connection. In case of irreconcilable conflict in the provisions of a will the last will take effect, unless it be for some exception to be hereinafter noted. *Young v. McIntire,* 3 Ohio, 498; *Covert v. Sebern,* 73 Iowa, 564; *Jordan v. Woodin,* 93 Iowa, 453; *In re Fisher,* 19 R. I. 53 (31 Atl. 579). Again, where a testator clearly gives the fee to a certain person, his attempt to direct the course of descent upon the death of the first taker is void for repugnance. Generally speaking, conditions may be imposed upon a devise when not contrary to public policy or repugnant to the estate granted. But courts favor a condition which creates an absolute rather than a conditional estate.

In the absence of statute, if a devisee dies before the testator's demise, the devise lapses and the property pasess under the residuary clause of the will, if there be one, or, in the absence of such clause, to the testator's heirs. But this rule is a *prima facie* one, and if the will shows a clear intention that the devise should not lapse, but shall pass to heirs or next of kin of such beneficiary, that intention will be given full force and effect. We have a statute in this state (Code, section 3281), which reads as follows: "If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from

1. WILLS: rules of construction.

2. SAME: lapse of legacies: descent and distribution.

the terms of the will a contrary intent is manifest." Under this section property devised to a beneficiary, who dies before the testator's death, passes to his heirs, unless a contrary intent appears from the will itself. If there be a contrary intent; that intent will be followed. These rules are so well settled that we need not cite authorities in their support. With this in mind we now go to the concrete case before us.

By paragraph 3 of the will testator gave to his eleven children, who were all living at the time the will was made, each an one-eleventh in value of his entire estate upon certain conditions which were expressed in the fourth and fifth paragraphs of the will.

3. SAME: conditions: construction: public policy: repugnancy.

In the fourth paragraph an attempt is made to equalize the amount each should receive by bringing advancements made to the several children into the estate in such a manner that each should be treated alike. Here then is no inconsistency whatever; and it will be noticed, taking the two paragraphs together, that the devises and bequests are of an one-eleventh in value of his estate after taking into account the advancements named. Paragraph 5 of the will imposes a condition upon the devise in paragraph 3, in that it provides the manner and method of payment and attempts to direct the course of any remainder which might be left at the time of their demise. This remainder, in the event of the decease of either, was to revert back to testator's estate and be divided between his remaining heirs living at the time and named in his will. The property was to be divided as directed in the will under the order and direction of the court. No trustee was appointed, but, as we shall presently see, that was not necessary. So far there is no repugnancy in the will. The devise and bequest in the third paragraph was expressly made subject to the conditions expressed in the fourth and fifth paragraphs, and was not an absolute and unconditional devise. The conditions imposed by para-

graphs 4 and 5 are not contrary to public policy, nor repugnant to the estate granted. They are valid conditions, and even if irreconcilable with the third paragraph of the will they should not be disregarded. *Armstrong v. Crapo,* 72 Iowa, 604; *In re Proctor's Estate,* 95 Iowa, 172; *Flynn v. Holman,* 119 Iowa, 731. The codicil attempts to make disposition of the share of testator's estate given by the will to his son Frank L. in the event of his death before the will became effective by the death of the testator. The property devised to this son in such event was to go to his wife, Ada Freeman. This, if given effect, would pass the property to Ada Freeman and not to the heirs of Frank L. Freeman. As a will does not speak until testator's death, it was perfectly competent for the testator to make this provision.

Now it appears that Samuel W. Freeman, one of the sons, died before the testator, leaving his widow and twelve children surviving. It also appears that Frank L. Freeman, another son mentioned in the will, died before testator's death, leaving his widow, Ada Freeman, the person named in the codicil as his sole surviving representative. Hattie Raff, a daughter of the deceased, died before his demise, leaving her husband, A. M. Raff, and two minor children, Lela and Lloyd Raff, surviving. The remaining eight children named in the third paragraph of the will were living at the time of testator's death, and are still alive. In view of this situation the question arises as to what is to be done with the shares of these deceased beneficiaries.

In this connection it may be said that but for the death of these devisees the case would not be troublesome, for the reason that testator's intent is fairly inferable from the will, and, although no trustee be named to carry out the fifth paragraph of the will, a court of chancery possesses full power to appoint one, if that be necessary. No will or trust will be permitted to fail for want of a

trustee, for a court of chancery has full power to appoint a person to act as such.    There is no such ambiguity, incongruity, or repugnance in the will as will defeat any of the paragraphs thereof.    They may all stand and be given effect.    This is a fundamental doctrine.    *Johns' Will*, 30 Or. 494 (47 Pac. 341, 50 Pac. 226, 36 L. R. A. 242); *Keith v. Scales*, 124 N. C. 497 (32 S. E. 809); *Frazier v. St. Luke's Church*, 147 Pa. 256 (23 Atl. 442).

As to the estate that would have gone to Frank L. Freeman by the third and fourth paragraphs of the will had he survived the testator, this clearly passed to Ada

4. SAME: construction.

Freeman, his wife, under the codicil, and not to the heirs of Frank L. Freeman.    The share that would have passed to Hattie Raff under the third and fourth paragraphs of the will, had she survived, goes to her heirs, under section 3281 of the Code, these heirs being her minor children, Lela and Lloyd Raff.

The most difficult problem to determine is what becomes of the share which would otherwise have gone to Samuel W. Freeman under the third, fourth and fifth par-

5. SAME.

agraphs of the will.    It is clear that in virtue of his death he took nothing under the will, and testator provided that whatever would have gone to him should revert back to his estate and be divided among his heirs living at that time and named in his will. This was in effect a disposition over of the provision made for Samuel W. Freeman in the different paragraphs of the will, and as it never vested because of the death of Samuel W., or was divested because of a condition which could not be fulfilled, the devise to him under the third and fourth paragraphs of the will passed to the testator's heirs then living and named in the will.    This language shows a clear intent that the heirs of Samuel W. should not take anything, and just as clearly shows, as we think, that the amount given him should pass to the testator's heirs living at the time of his (testator's) death and named in the will.

There is no reason why testator could not make such a provision, and that he did so we have no reason to doubt. It is very clear that testator did not intend that either William J.'s or Samuel W.'s heirs should take anything, for the annuity, if such it may be called, was to cease upon their death, and the amount remaining was to be paid, not to testator's heirs, but to those living and named in the will. As but eight of these were living, the portion which would have gone to Samuel W. should be divided among these eight, the only condition being that the part thereof going to William J. shall be paid him as directed in paragraph 5 of the will. This, it seems to us, carries out the manifest intent of the testator as expressed in the will, and there is no reason for holding paragraph 5 of the will repugnant. The district or probate court may appoint a trustee, if necessary, or direct the administrator with will annexed, how to proceed to carry out the provisions of the will in harmony with this opinion.

The decree of the trial court will be modified according to the views herein expressed, and the cause remanded for a decree according to this opinion.—*Modified* and *remanded.*