Howard L. Phillips et al., Appellants, v. C. H. Phillips et al., Appellees.

No. 41989.

December 12, 1933.

Ray P. Scott, and Thomas J. Bray, for appellants.

F. E. Northup and H. Druker, for appellees.

Anderson, J.—This action involves the construction of the will of W. K. Phillips, who was the owner of certain real and personal property, and who resided in Marshalltown, Marshall county, Iowa, in which county his will was admitted to probate. The plaintiffs-appellants in this action are the grandson and granddaughter of the said W. K. Phillips. The defendant-appellee, J. P. Cooper, is the executor of the estate of W. K. Phillips. The defendant-appellee, C. H. Phillips, is the son and only child of W. K. Phillips and Caroline E. Phillips, his wife, both deceased, and the plaintiffs-appellants and the defendant Louis M. Phillips are the children of the appellee C. H. Phillips.

The will in question, leaving out the formal parts thereof, provides first for the payment of debts and funeral expenses.

Item II thereof is as follows: "In case my wife, Caroline Phillips, survives me I give, devise and bequeath to her absolutely in fee-simple all my property both real, personal, and mixed, and wheresoever situated."

Item III is as follows: "In case I survive my wife, Caroline Phillips, I give, devise and bequeath to my grandson Louis Martin Phillips, five hundred dollars ($500.00)."

Item IV: "I give, devise and bequeath to my son C. H. Phillips one dollar ($1.00)."

Item V: "After the above bequeaths have been paid I give, devise and bequeath all my property which I now have or may hereafter acquire, both real, personal and mixed, and wheresoever situated, absolutely and in fee-simple share and share alike to my grandchildren, Louis M. Phillips, Howard L. Phillips and Helen Gauch."

The appellants contend that items II and V of the will are irreconcilably repugnant to each other for the reason that item II bequeaths all of the property of the testator to his wife, and that item V bequeaths all of the property of the testator to the three grandchildren, subject to the payment of the special legacies. And the appellants contend that in such event the latter clause of the will, being the last expression of testator's intent, must be enforced and the others disregarded, and cites Heidlebaugh v. Wagner, 72 Iowa 601, 34 N. W. 439; Armstrong v. Crapo, 72 Iowa 604, 34 N. W. 437; Covert v. Sebern, 73 Iowa 564, 35 N. W. 636; In re Estate of Freeman, 146 Iowa 38, 124 N. W. 804. None of these cases sustains appellants' position. For instance, in the last-cited case this court held that,

"Where a testator clearly gives the fee to a certain person, his attempt to direct the course of descent upon the death of the first taker is void for repugnance. Generally speaking conditions may be imposed upon a devise when not contrary to public policy or repugnant to the estate granted. But courts favor a condition which creates an absolute rather than a conditional estate."

We have held that, when the gift to the first taker is absolute, the estate is exhausted, and nothing remains of which disposition can be made. Reichauer v. Born, 151 Iowa 456, 131 N. W. 705; Law v. Douglass, 107 Iowa 606, 78 N. W. 212; Elberts v. Elberts, 159 Iowa 332, 141 N. W. 57; Bradford v. Martin, 199 Iowa 250, 201 N. W. 574; Canaday v. Baysinger, 170 Iowa 414, 152 N. W. 562.

In the last-cited case this court definitely adopted the foregoing stated rule in the following language:

"The rule which has been adopted in the construction of wills, is that the first taker to whom the testator has given the estate in fee, with full power of alienation, must be considered the absolute owner, as against any later provision of the will which would destroy or nullify the first. The limitation over is held void for repugnancy."

We also said:

"We might add that the intention of the testator must always govern; but, where the testator has made two provisions in his will, one of which is repugnant to the other, both cannot stand, and the presumption is that the first provision expresses the will of the testator, and the second, being repugnant to that, must fall, so the court looks to the first provision for the intent of the testator, and rejects the second provision."

This rule was recognized and restated by us in First National Bank v. Torkelson, 209 Iowa 659, 228 N. W. 655, In re Report of Campbell, 209 Iowa 954, 229 N. W. 247, and in Bradford v. Martin, 199 Iowa 250, 201 N. W. 574.

The appellants in the case at bar, however, ask us to construe the will here involved in such a manner as to hold that item II thereof bequeaths and creates only a life estate in the wife, Caroline Phillips; and this in view and by reason of the latter provisions of the will. This we cannot do. We cannot add to or read into paragraph II of the will anything which would divest the absolute title therein devised to Caroline Phillips, the wife. It is true that the will must be read and construed as a whole, and that the intent of the testator must control. But such intent must be found in the language of the will, and not by any extraneous circumstances.

The terms of this will are not repugnant to each other. It is plainly in two divisions. The first is included in item II of the will, "In case my wife, Caroline Phillips, survives me I give" etc. This is an absolute devise and bequest to the wife of all of the property of the testator in case she survives him. The second division of the will provides for the payment of special bequests and the distribution of the testator's property equally to his grandchildren, in case he survives his wife. The contingency provided for in the second provision or third paragraph of the will did not occur. The testator did not survive his wife and therefore the second division of the

will including paragraphs III, IV, and V could never become operative, and the wife, Caroline Phillips, named as the sole devisee in paragraph II of the will, became the absolute owner in fee simple of all of the property both real, personal, and mixed of the testator, and her estate therein and title thereto could not be and was not burdened with the payment of the special bequests provided in paragraphs III and IV, nor modified or limited by paragraph V of the will. There is no language in the will which even remotely suggests the creation or devise of a mere life estate to the wife, Caroline Phillips. No language could be used that would more clearly and unequivocally create and bequeath an estate in fee simple than that used in paragraph II of the will here involved. We cannot erase from the provisions of this will the express grant or devise of a fee simple and insert in lieu thereof a devise of a life estate. The contingency, under which the grandchildren could take anything under the will, failed by reason of the fact that the wife of the testator survived him. Consequently, we conclude that the trial court was right in dismissing plaintiff's petition, and such order is necessarily affirmed.—Affirmed.

ALBERT, C. J., and KINDIG, KINTZINGER, MITCHELL, and STEVENS. JJ., concur.