Thackston v. Watson.

CASE 30—PETITION EQUITY—SEPTEMBER 11.

## Thackston v. Watson.

APPEAL FROM MASON CIRCUIT COURT.

1. CONSTRUCTION OF DEVISE.—In construing a will no rule of construction will be allowed to defeat the plain intention of the testator as gathered from the instrument as a whole.

2. SAME.—When an estate is given or devised with remainder over, but

Thackston .v. Watson.

in the event the remainderman should die without a child or children then to a third person, the *general* rule of construction is that the words, "dying without children or issue," are restricted to the death of the remainderman before the termination of the particular estate; and where an estate is devised to one in fee, but if he die without issue or without leaving a child or children, then to another, the *general* rule is that the first devisee takes a defeasible fee, which is subject to be defeated in the event of his death at any period without issue.

3. CASE ADJUDGED.—A testator, after making certain special devises, devised the residue of his estate to his son, "to be paid over to him, and to be delivered up to him by the executor when he should arrive at the age of twenty-one years, *if he should live that long*," the testator having, by a previous clause, given to his executor the entire management and control of his estate until that time. In the clause immediately following that quoted the testator provided that in case his son "should die without bodily heirs," all his real estate should be converted into money by his executor and equally divided between certain of his relatives.

*Held*—That the son, upon arriving at the age of twenty-one years, became vested with an absolute estate, and not an estate subject to be defeated upon his dying without issue, it being the testator's intention that the estate should go to his collateral kindred only in the event his son should die without issue before arriving at the age of twenty-one years.

L. W. ROBERTSON AND E. WHITAKER FOR APPELLANT.

The appellee took under his father's will a defeasible fee—a fee to be defeated or divested by his dying at *any time* without bodily heirs—and not a fee subject to be defeated *only* in the event he died without bodily heirs *before arriving at the age of twenty-one years*. (Birney v. Richardson, 5 Dana, 424 and 432; Pool v. Benning, 9 B. Mon.. 62; Parrish v. Vaughan, 12 Bush. 97; 2 Jarman on Wills, pages 727 to 732.)

HARRY WADSWORTH FOR. APPELLEE.

It was the intention of the testator that his son should take the estate devised in fee, subject to be defeated only in the event the son should die without issue before arriving at the age of twenty-one years. (Birney v. Richardson, 5 Dana, 428; Duncan, &c., v. Kennedy, &c., 9 Bush, 588.)

COCHRAN & SON ON SAME SIDE.

1. Where a will provides that an estate devised is not to be possessed and enjoyed until some time in the future, either because of the creation of an intervening particular estate, or because the possession and

enjoyment and not the estate is expressly postponed until then, and there is a devise over on the death of the devisee without issue, there is a *prima facie* presumption that death before the estate comes into possession and enjoyment is intended, and the will will be so construed, unless there is something in the will showing a contrary intention. (Birney v. Richardson, 5 Dana, 424; Pool v. Benning, 9 B. M., 623; Hughes v. Hughes, 12 B. M., 115; Duncan v. Kennedy, 9 Bush, 580; Parrish v. Vaughan, 12 Bush, 97; Edwards v. Edwards, 15 Beav., 357; Re Allen's Estate, 3 Drew., 380; Johnson v. Cope, 17 Beav., 561; Beckton v. Barton, 27 Beav., 99; Slaney v. Slaney, 33 Beav., 631; Re Hill's Trusts, L. R., 12 Eq., 312.)

2. There is nothing in the will to be construed in this case to rebut such a presumption, and show a contrary intention on the part of the testator; but on the other hand there is much direct evidence in the will that such was the testator's intention. (Galland v. Leonard, 1 Sw., 161; Dean v. Handley, 2 H. & M., 635; Re Johnson's Trusts, 10 L. T., N. S., 455; O'Mahoney v. Burdett, L. R., 7 H. L.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

William Watson, of the county of Mason, died in the year 1870, leaving a last will and testament, and his widow and H. D. Watson, his only child, surviving him. His will is now before this court for construction. By various clauses of his will preceding those from which this litigation has arisen, he made several special devises, and gave minute and specific directions to his executor as to the control and management of his estate for the benefit of his widow and son. By the eighth clause of the will, the executor was directed to rent out the land of the testator to the best advantage until his son arrived at the age of twenty-one years, and by the ninth clause directed his executor to pay one-third of the net proceeds to his widow, and appropriate the other two-thirds to the benefit of his son as thereinafter directed.

By the tenth clause the testator devised the rest and residue of his estate, real and personal, to his

son, Henry Duke Watson, "to be paid over to him and to be delivered up to him by the executor when he should arrive at the age of twenty-one years, *if he should live that long*, and then proceeded to direct the executor as to the manner of raising and educating him.

The son having arrived at age, the executor delivered up to him the estate, and being vested by the tenth clause just quoted with an absolute fee, conveyed a part of the land devised to him by his father to the appellant, who now insists that his title is imperfect by reason of the eleventh and twelfth clauses of the will. In the eleventh clause of the will the testator provides, that in case his son *should die without bodily heirs*, then all testator's real estate shall be converted into money by the executor, and out of the proceeds makes certain bequests to his relatives then living, naming them. In the twelfth clause he provides, that in case his son *should die without bodily heirs*, the whole estate, after paying the particular bequests, shall be equally divided between certain of his relatives therein named.

The appellant maintains that the tenth clause of the will, when construed with the eleventh clause, gives to the son a fee-simple estate subject to be defeated at any time by the happening of the event, viz: the death of the son without bodily heirs. On the other hand, counsel for the appellee insists that the son took the fee subject to be defeated upon the contingency only of his dying without bodily heirs before arriving at the age of twenty-one years. The

settled and well understood construction in reference to such devises seems to be, that where an estate is given or devised with remainder over, but in the event the remainderman should die without a child or children then to a third person, the words dying without children or issue are restricted or limited to the death of the remainderman before the termination of the particular estate, and it is equally as well settled, that if an estate is devised to one in fee, but if he die without issue, or without leaving a child or children, then to another, the first devisee takes a defeasible fee, which is subject to be defeated in the event of his death at any period without issue. (Birney v. Richardson, 5 Dana, 424; Pool v. Benning, 9 B. Monroe, 623.)

Counsel for appellee argues, as no particular estate or interest preceded the devise to appellee, that under the last rule of construction the appellant will be deprived of all title by the death of the appellee at any time without leaving issue surviving him. The construction of a will or any of its provisions must be controlled by the intention of the party making it, and when that intention is ascertained from the whole instrument it should be adopted, and no rule of construction will be allowed to defeat the expressed or plain intention of the testator. General rules of construction will be followed when not inconsistent with the manifest intention of the testator; but, says Mr. Redfield:

"The court will place themselves as far as practicable in the position of the testator, and give effect to his leading purpose and intention as indicated by

the words of the will construed with reference to all attending circumstances.'' (Redfield on Wills, volume 1, page 437.)

The words contained in a particular clause of a will, when alone considered, may bring the devise within the operation of a general rule, but when considered with reference to the whole will, a different construction must often prevail, otherwise the plain intention of the testator would be defeated.

It is at last the intention of the testator the court must look to in construing wills, and when that intention is ascertained, the general rules of construction are to be applied. Without, therefore, determining the nature of the devise to the executor, whether he was vested with an interest in the estate or not, he certainly had the control and management of the entire property until the son arrived at the age of twenty-one years, and then, by an express provision of the tenth clause of the will, the whole estate *was to be paid over and delivered up to him by the executor, when he arrived at the age of twenty-one years, if he live that long.*

The eleventh clause of the will, following directly the provision of the tenth clause under which the executor was to surrender the entire estate to the son, provides, that in case his son died without bodily heirs, then *I direct and will that all my real estate be sold by my executor and converted into money, and distributed as therein directed;* and when construing the two clauses together, as they should be, it is evident the plain meaning of the testator was, that in the event the son died before the period at

which the property was to be delivered to him, and all control over it surrendered by the executor, then the executor was to sell the realty and make distribution as provided by the subsequent provisions of the will.

The two clauses, read together, direct in substance the executor *to pay over and surrender to the son all the estate* when he arrives at the age of twenty-one, if he live that long; but if he should die before that time without leaving bodily heirs, the estate is to go to his collateral kindred.

In the case of Duncan v. Kennedy, 9 Bush, 580, the testator devised his estate to five persons, naming them, directing his executors to take possession and control of the property devised until January, 1872, when the same was to be divided between the devisees; but further provided, that if any one of the five should die, then, in that event, it was to be divided between the survivors. It was held, that in order for the devise over to the survivors to take effect, it was necessary for the death of the first taker without issue to take place before January 1, 1872.

The testator, when having his will written, was evidently contemplating the death of his son before the period at which he was to have the complete control of the estate, because he directs the property to be delivered over to him if he is then alive, and providing against the contingency of his dying before that time, proceeds to devise his estate to his collateral kindred in the event his son leaves no children.

His executor is to sell and make the distribution,

and no such thought entered the mind of the testator as requiring the executor, after his son had arrived at age and taken the custody of the property, to regain the possession of it if his son thereafter died childless, in order that he might sell and distribute the proceeds to others. The remote devisees were living when the will was made, and they were to take, in the event the contingency happening before the son reached the age of twenty-one. The title of the son became indefeasible when he arrived at that age, and, therefore, the title to the land sold by him to the appellant is not encumbered by any claim that might be asserted under this will by the remote devisees.

Nor is this view of the question in conflict with the ruling of this court in Parrish, &c., v. Vaughn, 12 Bush, 97. In that case the devise to the grandson was in these words: "But should he (the grandson) die before he arrives at the age of twenty-one years, or without lawful issue of his body, *then and in either of these events* the land shall revert back." It was held that the grandson dying without children, the estate went back to the heirs of the original devisor. In order to vest the title in that case in the devisee, the grandson, it became necessary to substitute the conjunctive *and* for the disjunctive *or*, and not only so, to disregard the words "*then and in either of these events.*" This the court refused to do, holding that the testator must have understood the meaning of the language used by him, and having given an expression to his intention by using the language referred to, this court would not assume

that such was not his meaning, and substitute other words with a view of showing a different intention than the face of the will presented.

In our opinion, the appellant has no cause to complain of his title, and the judgment is, therefore, affirmed.