Ferguson, &c., v. Thomason, &c.

CASE 80—PETITION EQUITY—NOVEMBER 17.

# Ferguson, &c., v. Thomason, &c.

APPEAL FROM SCOTT COURT OF COMMON PLEAS.

CONSTRUCTION OF DEVISE.—A testator, leaving a widow and several children, devised his entire estate to his wife during her life, but made no provision as to the final disposition of the estate save as follows: "I give and bequeath to my son, Thomas, one thousand dollars more than to any of my other children; * * * and should he die without issue, then his portion to be equally divided among his surviving brothers and sisters and their heirs, if any there be." By a codicil the testator provided: "It is my further will that if any of my children should die without children, the estate above devised to them shall be equally divided between my surviving children and the heirs of those that may die." *Held*—1. That the original will, by plain implication, disposes of the entire estate, and not merely of the portion of the son named; but, if not, the codicil makes it perfectly certain that such was the testator's intention. 2. Subject to the life estate of the mother, each of. the children of the testator took his share in fee subject to be defeated only in the event of his death before the termination of the particular estate; and, therefore, upon the death of the mother, the life-tenant, the estate of the surviving children became absolute.

A. DUVALL FOR APPELLANT.

1. A will containing a specific devise to one child and remainder of the estate to the widow for life, with the following codicil : " It is further my will, that if any of my children should die without children or heirs of their body, the estate above devised to them shall be equally divided between any surviving children and the heirs of those that

may die, in equal share as my children," is to be construed as dispos-. ing of only that portion of the estate specifically mentioned, and the remainder of the estate as passing by descent to the other children of the testator. (Bailey v. Wilson, MS. Op., March, 1883.)

2. The expression in the codicil: "If any of my children should die without children or heirs," is to be construed as referring to death before the termination of the life estate. (Thackston v. Watson, 8 Ky. Law Rept., 193; Binney v. Richardson, 5 Dana, 432; Pool v. Barning, 9 B. M., 623.)

FRANK CHINN FOR APPELLEES.

The expression in the codicil: "Should die without children," is to be construed as referring to death whenever it might occur.

> The cases relied on by counsel for appellant distinguished from this case.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Richard Thomason died testate in 1855, leaving a widow and seven children. His will was made in November, 1844. Subject to the payment of his debts, it gave his entire estate to his wife during her life or widowhood. It made certain provisions for her in the event of re-marriage; but they need not be stated, as it never occurred. She died in 1884. Three of the children have died since the death of the testator, all leaving children. Four of his children yet survive.

The original will contains no provision as to the final disposition of the estate, save as follows: "I give and bequeath to my son, Thomas Benton Thomason, one thousand dollars more than any of my other children, to be applied to his benefit when it or any part of it may be (in the judgment of his mother) convenient and necessary; and should he die without issue, then his portion to be equally divided among his surviving brothers and sisters, and their heirs, if any there be."

In September, 1845, however, the testator added the following codicil:

"It is my further will, that if any of my children should die without children or heirs of their body, the estate above devised to them shall be equally divided between my surviving children and the heirs of those that may die in equal share as my children."

Three, if not all four of the testator's children, who are yet living, have no children.

A considerable tract of land, which the widow held during her life-time, has been sold in this action; and the question is presented, whether the living children of the testator have, under the will, an absolute or a qualified estate in their proper proportion of the proceeds. The lower court held that they had but a life interest; and required each of them, as the condition of receiving it, to execute bond for the forthcoming of it at the termination of such estate. One of them, Mrs. Ferguson, now complains of this, and asserts a right to it absolutely. She contends, first, that the original will contained no devise of any of the estate, save to the widow and Thomas Benton Thomason; that the other children, therefore, took as heirs at law and by descent; and that they are unaffected by the codicil, because it speaks only of "the estate above devised to them." In other words, it is claimed that the codicil, by reason of the language quoted, must be held to relate only to the devises to the widow and son, Thomas.

In this view we can not concur. The will itself, by plain implication, disposes of the entire estate. It, in effect, says that all of the testator's children are,

subject to their mother's right, to have an equal portion of the estate, save the one son is to have one thousand dollars more than any of his brothers or sisters. This is evidently what the testator meant by the language used; and the codicil makes it perfectly certain. It says: "If *any of my children* should die without children or heirs of their body, the estate above devised to *them*," etc. He undoubtedly understood the original will as making a devise to each of them. His then intention is made evident by the codicil, and his purpose must control.

The next point to be determined is, to what time did the testator refer when he speaks in the codicil of any of his children dying without issue? Upon the determination of this question hinges the quality of the appellant's estate in her portion of the property. Did he refer to the period of his own death, or to the termination of the life estate of the widow when the children devisees would come into possession, or to an indefinite period of dying without issue?

No iron rule can be established as applicable to words of survivorship. It would be unreasonable, because it would often violate the intention of the testator, which must be sought from the entire instrument; and if so found, it, and not any general rule of interpretation, must govern the direction and disposition of the bounty. Generally speaking, a testator is not supposed to contemplate the death of the object of it in his own life-time. Where, therefore, there is another point of time to which the words relative to dying may relate, they will be construed

as referring to the event of the death of the devisee at any time prior to that period.

Where, however, a devise is made to several as a class, with words of survivorship annexed, and the gift as to enjoyment is to take effect immediately upon the death of the testator, the rule is to refer the words of survivorship to that event, and to construe them as intended to provide against the contingency of the death of the devisee during the life-time of the testator.

If, however, the gift is not to take effect until the termination of a particular estate, and by reason thereof the distribution of the bounty is to take place at some time subsequent to the time of the testator's death, then the most natural meaning of the words of survivorship is, that they relate to the period of distribution; and this is now both the English and American rule.

It was said in the case of Birney v. Richardson and Ford, 5 Dana, 424: "In such a case, the law will not incline to any other conclusion than that the death must be during the particular estate, unless the letter or context of the will plainly shows that the testator intended a death either in his own life-time, or at any time whenever it might occur."

In the absence of such a disposing intent appearing from the will, it will not be presumed that the testator intended that the property should be distributed to the devisee, and that he should enter upon the enjoyment of it, and yet his interest therein be liable to be defeated by his subsequent death, however remote.

Where unexplained words, equivalent to "*dying*

*without issue,"* are used, they will be construed as meaning the death of the distributee *after* that of the testator, and *before* the time which may be fixed for distribution.

So where an estate is devised with remainder over, but in the event the remainderman shall die childless, .then to a third person, the words relating to survivorship will be restricted to the death of the remainderman before the termination of the particular estate. We see no sufficient reason why this rule should not be applied to devises of realty as well as bequests of personalty. Any distinction formerly existing at common law doubtless arose from the then tendency to restrict alienation, and from the existence and character of feudal tenures, which never obtained in this country.

These rules are of course to be applied in arriving at the testator's intention, where it does not plainly appear from a consideration of his entire will.

Counsel contend there is no need of reference to them in this case; and insist that it is evident, from the language of the codicil as to survivorship, the testator referred to an indefinite dying without issue. It certainly does not say so; nor can the words be fairly so interpreted; and being silent, resort must be had to the recognized rules of construction. The will created a defeasible interest in the children, subject to the life-estate of the mother. It fixed no particular time, by express words, when they should come into possession and enjoy it; but the testator must be regarded as having had in view that they should do so at the time fixed by law, to wit, at the ter-

mination of the life-estate. The property was then subject to division among them; and in the absence of such an expressed intention, it should not be presumed that he intended their interest to be defeated by their death without issue, however far in the future it might occur.

Applying the rule above indicated, the appellant, Mrs. Ferguson, must be regarded as having an absolute estate in her interest in the property in contest.

These views are supported by the cases of Birney v. Richardson and Ford, *supra;* Pool v. Benning, 9 B. M., 623; Hughes v. Hughes, 12 B. M., 115; Wren v. Hynes' Administrator, &c., 2 Met., 129, and Thackston v. Watson, 84 Ky., 206.

Judgment reversed as to V. H. and Alexander Ferguson, and cause remanded for further proceedings consistent with this opinion.