CASE 17—PETITION EQUITY—APRIL 8.

# Webb v. Trustees of First Baptist Church.

. 90   117
f133   410

APPEAL FROM FAYETTE CIRCUIT COURT.

1. CONSTRUCTION OF DEVISE—DEFEASIBLE FEE.—Under a devise to E, but in the event she should die leaving no issue or descendants of issue living at the time of her death, then to another, E took the estate in fee, subject to be defeated, however, in the event of her death without issue or descendants of issue living at the time.

2. SAME—CURTESY.—Where the wife owned an estate in fee, subject to be defeated in the event of her death leaving no issue then living, the surviving husband is entitled to curtesy if there was issue born of the marriage, although there was no issue alive at the time of the wife's death.

3. WHERE A LIFE TENANT HAD FRAUDULENTLY MORTGAGED THE FEE OF A PART OF THE PROPERTY, the chancellor, having control of the property for the purpose of adjusting the respective rights of the life tenant and remaindermen, did right in placing in the hands of a receiver the life estate in that part of the property not mortgaged, with directions to rent it out and apply the proceeds to the payment

of the mortgage debt until it should be discharged, and the cloud upon the title of the remaindermen removed. It is not material that the mortgagees were not parties to the action, and were not seeking to enforce their mortgage.

BRECKINRIDGE AND SHELBY FOR APPELLANT.

1. Although the estate of appellant's wife was a defeasible fee, he was, by virtue of having had living issue by her, entitled to a life estate as tenant by the curtesy. (1 Jann. on Wills (Perkins' ed.), side page 792; 2 Jann. on Wills (Randolph & Talcott's ed.), side page 878; 2 Redf. on Wills, chap. 414, p. 653; Northcott v. Whipps, 12 B. M., 71–76.)

2. The amended petition presented a different cause of action from that set forth in the original petition, and it was error to permit it to be filed, and to grant the relief it asked. The original cause of action was for the sale and division of real estate, of which the plaintiffs were joint owners, and had an immediate right of enjoyment, while that in the amendment is based upon the inconsistent theory that Webb was the present owner, and that his profits should be applied to the claim alleged against him, which claim was not mentioned in the original petition.

3. The Ohio registry laws are not sufficiently pleaded. (Templeton v. Sharp, 10 Ky. Law Rep., 502.)

4. By reason of Webb's act in mortgaging the Ohio land, there was only a *possibility* of future damage, which could create no enforceable right or obligation against Webb; but even if there was some equity in favor of appellees as against Webb, it was at most an equity only in respect of the Ohio land, and did not afford the basis of a proceeding *in rem* against his property in Kentucky.

5. The cross-appeal is prosecuted from the order sustaining a demurrer to the petition, with leave to amend. This is not a final order from which an appeal lies.

D. G. FALCONER FOR APPELLEES.

1. No estate of inheritance was devised to appellant's wife, and, therefore, he is not entitled to curtesy. An estate by the curtesy never exists unless the devise is one of inheritance. The termination of the wife's estate should destroy all estates incident thereto. (Washburn on Real Property, vol. 1, p. 155, sec. 16; Parke on Dower, pp. 177–183; Sugden on Powers, vol. 2, 31; Tyler on Infancy and Coverture, p. 402; Weller v. Weller, 28 Barb., 589.)

2. It was proper to allow the amended petition to be filed, and to grant the relief asked. The court had the power to require appellant to remove the mortgages placed by him upon the Ohio land, or, upon his failure to do so, to sequester the rents of the property in controversy until they were sufficient to pay the mortgage debts.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

London Ferrell willed to Elizabeth Jackson certain real estate situated in the city of Lexington, and to Eleazer Jackson certain other real estate situated in said city. The said estate was devised to each devisee in fee, but the same was subject to the defeasance that if either devisee should die, before or after the death of the devisor, without leaving lawful issue, or the descendants of such issue, the estate devised to such devisee should go to the other devisee, and if both should die, before or after the death of the devisor, without leaving lawful issue, or the descendants of such issue, then the estate devised to both should be sold, and the proceeds divided between the First Colored Baptist Church of Lexington, Morton City School and the Orphan Asylum of Lexington—one third to each.

Eleazer Jackson died without having left surviving him living issue, or the descendants of such issue; consequently, Elizabeth Webb, formerly Jackson, took Eleazer's part of the estate. Said Elizabeth had one child by her husband, the appellant, which died in infancy, and some time thereafter the mother died, without having had any other child or children.

This suit was instituted by the appellees to have said property sold, and the proceeds divided among them in accordance with the provisions of the will.

It is too plain for serious controversy that Eleazer and Elizabeth took, under said will, a fee subject to be defeated by their deaths without leaving living lawful issue, or the descendants of such issue, in which event the appellees took the estate. There are

no words in the granting clause of the will indicating that the testator intended to devise any estate to the children of Eleazer and Elizabeth Jackson. The estate is willed to these two persons in language that conveys to them an absolute estate, subject only to be defeated upon their dying without living issue, or the descendants of such. But Elizabeth having had a child by the appellant, the question is, is appellant entitled to curtesy in the land?

This question is settled by this court in the case of Northcut, &c., v. Whipp, &c., 12 B. M., 71, in the affirmative. We are not now disposed to disturb that decision.

Under a decree of the Fayette Circuit Court a part of this land was sold, at the instance of the appellant and Elizabeth, for the purpose of investing the proceeds in a small tract of land situated in the State of Ohio for the benefit of the said Elizabeth, and to be held by her under the provisions of the will and in accordance with it. Said land in Ohio belonged to the appellant, and he received the money that Elizabeth's land sold for as the consideration for the conveyance of his Ohio land to her. A deed was made to Elizabeth for this Ohio land, but the same was not recorded in the State of Ohio. Afterwards the appellant mortgaged this Ohio land to third parties to secure his indebtedness to them, which indebtedness he has never paid. The chancellor, in this case, put the appellant's curtesy right in the Lexington property in the hands of a receiver, to be rented out by him, and the proceeds applied to the payment of such indebtedness until

the same was discharged. The appellant held only a curtesy right in any of this property, including that in Ohio, and he fraudulently mortgaged the fee to the Ohio property; and the court having the control of the property in Lexington for the purpose of adjusting the respective rights of the appellant and appellees thereto—the appellant claiming curtesy in said property—it did right in taking charge of said property, and renting the same out and appropriating the rents to the payment of the liens that the appellant had fraudulently put upon the appellees' remainder interest in a portion of said property. The mortgagees are not proceeding in this action. The proceeding is against the appellant for the purpose of lifting a cloud off the appellees' title to this land, and of paying the indebtedness of the appellant, which he had placed as a lien upon this land. We do not see any just grounds that he has to complain of this action. He admits that he owes the debt. The fact that the mortgagees might have been apprised of the sale of the land to Elizabeth does not alter the appellant's attitude towards the mortgagees and the appellees. He, nevertheless, owes the debt, and the mortgage lien is, as to him, enforceable upon the fee, and, therefore, he has no right to complain.

The judgment is affirmed.