Smith v. Ballard, &c.

CASE 19—ACTION BY LOU BELL BALLARD AND OTHERS AGAINST R. M.
SMITH, FOR THE CONSTRUCTION OF THE WILL OF JAMES B. BAL-
LARD, DECEASED.—DEC. 17.

# Smith v. Ballard, &c.

117   179
f133  409

### APPEAL FROM OLDHAM CIRCUIT COURT.

FROM THE JUDGMENT R. M. SMITH APPEALS.    REVERSED.

WILLS—CONSTRUCTION—VESTING ESTATE IN FEE—DEATH WITHOUT
ISSUE—EFFECT.

Held:   1. A will bequeathing to testator's daughter, free from the
claim of any husband she might have, certain real estate, but
providing that in the event of her death without bodily issue
the same should go to others, vested the fee in the daughter,
subject to be defeated if she died without bodily issue at any
time.

D. H. FRENCH, FOR APPELLANT.
     (No briefs.)

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

This appeal involves the construction of the will of James
B. Ballard, deceased.   The second clause of the will reads
as follows:  "I will and bequeath to my two daughters, Lou
Bell Ballard and Maud Shrader formerly Maud Ballard,
free from the claims of any husbands they now have or may
have, the farm on which I now reside and containing about
one hundred and sixty acres."   The third clause reads
as follows:  "In the event of Lou Bell Ballard's death with-
out bodily issue then her portion of my estate shall be
equally divided between Martha Hitt, wife of John Hitt,
and Marietta Arvin, wife of Robert Arvin, free from the
claims of their said husbands, and in the event of the death
of Martha Hitt and Marietta Arvin before the death of

Louis Ballard, my son, then their said portions shall go to Louis Ballard."

The question which lies at the foundation of this case, is what estate Lou Bell Ballard takes in the land devised to her. It is provided in the will that, in the event Lou Bell Ballard dies without bodily issue, "then her portion in my estate shall be equally divided between Martha Hitt," etc. When a devise is made to one person in fee, and in case of his death to another in fee, courts interpret the devise over as referring only to death in the testator's lifetime. The courts were led to so interpret such devises, because of the absurdity of speaking of the one event which is sure to occur to every one living as uncertain and contingent. 2 Jarman, Wills, c., 43. The rule is different, however, when the death of the testator is coupled with other circumstances which may or may not take place, as, for instance, death without children. In such case the devise overtakes effect according to the ordinary and literal meaning of the words, "upon death," under the circumstances indicated, at any time, whether before or after the death of the testator. 2 Jarman, Wills, c., 49; Sale, etc. v. Crutchfields, etc., 8 Bush, 649. In Thackston v. Watson, 84 Ky., 206, 8 R., 193, 1 S. W., 398, the same doctrine is recognized. The death of Lou Bell Ballard was not uncertain, but the event of her death "without bodily issue" was uncertain, for it might occur with or without bodily issue. So under the plain language of the will, if her death occurred either before or after the death of the testator, then the estate devised to her goes to the persons designated in the will. Our opinion is that Lou Bell Ballard took the fee subject to be defeated, if she died "without bodily issue" at any time. Counsel for the appellant has not cited any authorities upon

the question involved, and the case is not briefed for the appellee. We presume the court below was of the opinion that because the devisee survived the testator, she took the fee. This is upon the idea that the testator intended she should take the fee, unless she died without bodily issue in his lifetime. The court was evidently controlled by the principle announced in Aultman Co. v. Gibson's Guardian etc., 23 R., 2296, 67 S. W., 57; Ferguson v. Thomason, etc., 87 Ky., 519, 10 R., 562, 9 S. W., 714; Dickison v. Ogden's Ex'r, 89 Ky., 162, 11 R., 385, 12 S. W., 191; Pruitt, etc., v. Holland, 92 Ky., 641, 13 R., 867, 18 S. W., 852; Mercantile Bank of New York v. Ballard's Assignee, 83 Ky., 481, 7 R., 478, 4 Am. St. Rep., 160; Forsythe v. Lansing Ex'rs, 22 R., 1064, 59 S. W., 854; Baxter, etc. v. Isaacs, etc., 24 R., 1618, 71 S. W., 907; Lee, etc. v. Mumford, etc., 19 R., 1585, 44 S. W., 91; Clements v. Reese, 25 R., 221, 74 S. W., 1047. In that class of cases the rule is recognized to be, when an estate is given or devised with remainder over, but in the event the remainderman should die without a child or children then to a third person, the general rule of construction is that the words, "dying without children or issue" are restricted to the death of the remaindermen before the termination of the particular estate. This rule is not applicable to the case at bar.

This judgment is reversed for proceedings consistent with this opinion.