Rice, &c. v. Rice.

CASE 36.—ACTION BETWEEN M. B. RICE AND OTHERS AND
            J. A. RICE INVOLVING A CONSTRUCTION OF THE
            WILL OF R. B. RICE, DECEASED.—April 21, 1909.

# Rice, &c. v. Rice

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

From the judgment, M. B. Rice and others appeal.
—Affirmed in part and reversed in part.

1. Wills—Construction—Estates Created—"Die Without Children."—A will made certain devises to testator's two sons, and provided that if either should die without legal heirs then his portion should go to the other, or his children, if any, and that neither should have power to sell unless the proceeds should be invested in other real estate. Held, that in view of the provision for sale the phrase "if either should die without children" referred to the death of either son at any time before or after testator' death, and each son took a defeasible fee, which would be defeated by the death of the devisee at any time without issue then living.

2. Dower—Interests Subject to Dower—Defeasible Fee in Land.—The interest of the deceased devisee being a defeasible fee which the issue of his wife would have inherited as his heir, his wife was entitled to dower therein.

BRECKINRIDGE & BRECKINRIDGE and FOX & JACKSON
for appellants.

AUTHORITIES CITED.

Gardier on Wills, page 528; Page on Wills, Sec. 676; Theobald on Wills, page 336; 3 Jarman on Wills, 605; Martin v. Renaker, 10 Ky. Law Rep., 469; Carpenter v. Hazelrigg, 103 Ky., 541; Jackman v. Jackman, 24 Ky. Law Rep., 2245; Strossman, Ex. Parte, 6 Ky. Law Rep., 378; Pritchett, etc. v. Corder, 32 Ky. Law Rep., 418; Trice v. Slaughter, 11 Ky. Law Rep., 678; Ferguson v. Thomason, 87 Ky., 519; McCauley's Gd'n. Ad Litem v. Dale, 32 Ky. Law Rep., 1245; Hughes v. Hughes, 12 B. Mon., 115; Wills v. Wills, 85 Ky., 492; Trabue v. Terry, 10 Ky. Law Rep., 345; 10 Am. & Eng. Enc. Law, 2d Ed., 161; Littleton's Treatise on Tenures, Sec. 52; Fry v. Scott, 10 Ky. Law Rep. 1013; Webb v. Trustee, etc., 90 Ky., 119 Butler v Cheatham, 8 Bush, 594.

GEORGE E. STONE, ROBERT HARDING and C. H. RHODES
for appellees.

## AUTHORITIES CITED.

Smith v. Ballard, 25 Ky. L. Rep., 1291; 2d Jarman on Wills, 48 and 49; Thackston v. Watson, 84th Ky., 206; Sale v. Crutcher, 8 Bush 649; Section 2344, Kentucky Statutes; Harvey, &c. v. Bell, &c., 26 Ky. L. Rep., 386; Hart v. Thompson, 43 Ky., 48; Daniel v. Thompson, 53 Ky., 533; Moran v. Billshay, 8 Bush, 434; Best v. Conn, 10 Bush, 36; Parrish v. Vaughn, 12 Bush, 97; Bayless v. Prescott, 79 Ky., 252;  Hood v. Dawson, 98 Ky.; Dorsey v. Maddox, 103 Ky., 253; Turpin v. Turpin, 9 Ky. L. R., 438; Hayden v. Wilson, 4 Ky. L. Rep., 827; Ecton v. Smith, 6 Ky. L. Rep., 216; Varble v. Phillips, 14 Ky. L., 363; Collins v. Thompson 19 Ky. L. R., 1194; Crozier v. Caudall, 18 Ky. L. Rep., 1290; 4 Kent, 32; Cyc. Vol. 14, 906; Bardslee v. Bardslee 5 Barb (N. Y.), 324; Rhode Island Hospital Trust Co. v. Harris, 20 R. I., 408; Washburn on Real Property, 2d Vol., 240; 2d Crabb Real Property, 166; Seymour's Case 10 Rep., 96; Common Digest Dower, A. 5.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

One R. B. Rice died in Boyle County, Ky., the place of his residence, leaving a will which was executed in 1896. He left a widow and two children. By his will he made provisions for the settlement of his debts and for the benefit of his wife, which she afterwards renounced, and then devised to his two boys, John Andrew and James Howard Rice, certain lands. In making these bequests, he used the following language: "I will to my son, John Andrew Rice, the east end of my land with general boundary as follows: (Describing it) containing two hundred and fifty acres. I will to my son Joe Howard Rice the balance of the Ephram Smith tract of land containing 190 acres and the Bias Smith tract of 144 acres. If either should die without legal heirs, then his portion shall go to the other, or his children, if any. Neither shall have power to sell and convey except the proceeds shall be invested in other real estate." These sons married. John Andrew is alive and has living children. James Howard is dead. He left a widow, M. B. Rice, one of the appellants, but left no

children surviving him. James Howard Rice became indebted to appellant Garr, Scott & Co., and, with his wife, executed a mortgage to this company to secure the payment of the indebtedness, and it brought this action to enforce its mortgage lien. N. K. Tunis, the administrator, intervened by a pleading and sought to have the 190 and 144 acres sold for the purpose of paying the debts of J. H. Rice. Appellant M. B. Rice sought to have dower alloted to her in the land referred to. John Andrew Rice presented his petition and was made a party to the action, in which he claimed to be the owner in fee simple of the land by virtue of the provisions of his father's will above copied. He alleged that his brother, John Howard, took the land under his father's will and died without issue having been born. The lower court sustained his contention.

Appellants contend: That James Howard Rice took the fee-simple title to the land devised to him; that the words, "if either should die without children" referred to the death of either in the lifetime of their father, the testator; that he outlived his father, and therefore took the absolute title. We cannot agree to this construction of the will. The testator had reference to the death of either taking place at any time, either before or after his death. This is evident, according to the sentence immediately following limiting their right to sell the land to the extent that if they sold it they were required to reinvest the proceeds in other real estate. The will speaks from the date of the death of the testator, and they did not own the land or have any power to sell it until after the death of their father.

In the case of Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 R. 381, the court undertook to classify

all the cases with reference to the construction of wills. The will under construction in the case at bar comes under the fourth class referred to in that opinion. The court in that case said: "On the other hand, where there is no intervening estate, and no other period to which the words 'dying without issue' can be reasonably referred, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee which is defeated by the death of the devisee at any time without issue then living." In the case of Smith v. Ballard, 117 Ky. 179, 77 S. W. 714, 25 R. 1290, the language construed was as follows: "In the event of Lou Bell Ballard's death without bodily issue then her portion of my estate shall be equally divided between Martha Hitt," etc. In construing this clause the court said: "When a devise is made to one person in fee, and in case of his death to another, in fee courts interpret the devise over as referring only to death in the testator's lifetime. The courts were led to so interpret such devises, because of the absurdity of speaking of the one event which is sure to occur to every one living as uncertain and contingent. 2 Jarman, Wills, c. 43. The rule is different, however, when the death of the testator (evidently the word 'devisee' was the one meant to be used instead of 'testator') is coupled with other circumstances which may or may not take place, as, for instance, death without children. In such case the devise over takes effect according to ordinary and literal meaning of the words, 'upon death,' under the circumstances indicated, at any time, whether before or after the death of the testator. 2 Jarman, Wills, c. 49; Sale

v. Crutchfield, 8 Bush, 649. In Thackston v. Watson, 84 Ky. 206, 1 S. W. 398, 8 R. 193, the same doctrine is recognized. The death of Lou Ballard was not uncertain, but the event of her death 'without bodily issue' was uncertain, for it might occur with or without bodily issue. So, under the plain language of the will, if her death occurred either before or af-ter the death of the testator, then the estate devised to her goes to the persons designated in the will."

Under these authorities the court properly adjudged that John Andrew Rice took the land under his father's will. But under the opinions of this court in the cases of Northcut v. Whipp, 12 B. Mon. 65, Fry v. Scott, 11 S. W. 426, 10 R. 1013, and Webb v. Trustees of First Baptist Church, 90 Ky. 117, 13 S. W. 362, 11 R. 926, the court wrongfully adjudged that M. B. Rice, the widow of John Howard Rice, had no dower interest in the land. These cases expressly determine that she has such an interest. In the case of Fry v. Scott, supra, the court, after quoting the statute with reference to dower, said: "In Northcut v. Whipp, 12 B. Mon. 65, it was expressly held that the widow of a husband who had a defeasible fee in land was entitled to dower. In that case the question was fully considered and the rule laid down, which has since been adhered to, that in all cases where the husband is seized of such an estate in land as that the issue of the wife may inherit, if any she have, as heir to the husband, the widow is dowable out of such estate." Appellee's counsel presents a strong argument and asks that the court overrule the decisions referred to. There may be a great deal said upon either side of the question, which is a very close one; but the construction of the statute giving the widow, in such cases, a dower in-

terest, was established by this court more than fifty years ago, and has been consistently followed to the present time.   Therefore we decline to change the rule of construction.

For these reasons, the judgment of the lower court is affirmed as to appellants Tunis, the administrator, and Garr, Scott & Co., and reversed as to appellant M. B. Rice, and remanded for further proceedings consistent with this opinion.