CASE 13.—ACTION BY GEORGE F. BUSCHEMEYER AGAINST
        GEORGIA KLEIN AND OTHERS.—June 17, 1910.

## Buschemeyer v. Klein, &c.

Appeal from Jefferson Circuit Court (Chancery
Branch, Second Division).

SAMUEL B. KIRBY, Judge.

From the judgment both parties appeal.—Affirmed.

1.  Wills—Curtesy—Construction of Limitation—Defeasible Fee.
    Testator by the second clause of his will bequeathed to his
    daughter, specifically, certain described real estate and a life
    insurance policy, and then in a second sentence stated that,
    should she die before her husband without children, her
    share should be divided between the children of testator's
    son, when the youngest became of age. In the succeeding
    clause, testator declared that the balance of his estate should
    go to his wife for life, or as long as she remained a widow,
    and after her death should be divided evenly between testa-
    tor's son and daughter free from any husband. The prop-
    erty devised generally by the third clause was worth over
    $100,000, while that bequeathed by the second clause was but
    a small portion of testator's estate. Held, that the limita-
    tion in the second clause did not apply to the property spe-
    cifically devised therein, but was applicable only to the
    daughter's interest in the residue devised in the third clause,
    as to which she took a defeasible fee, so that on her death
    after the widow, and without issue, her husband was en-
    titled to curtesy therein, and the children of the son took
    the fee in the daughter's interest, subject to such curtesy,
    and subject to be opened to receive after-born children of the
    son until divided on the youngest becoming of age.
2   Wills—Construction—Transposition of Words.—In the con-
    struction of wills, contracts, and statutes, the courts may
    transpose words and sometimes sentences to arrive at the
    intention of the makers.

HUMPHREY, DAVIE & HUMPHREY for appellant.

KOHN, BAIRD, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

William Klein, whose will is before us for construction in this action, was born in Germany in the year 1839. There he learned the trade of a baker. He came to the United States when he was 18 years of age, and located in Louisville, Ky. In 1863 he married Elizabeth Klink, and in 1864 there was born to him a son, John W. Klein. In 1869 there was born to him a daughter, Mamie Klein, who intermarried with appellant, Charles F. Buschemeyer, in the year 1890. She died in the year 1908, without children. John W. Klein, after quitting school at an early age, went to work in the bakery with his father. In 1887 he was made a partner in the business, which was thereafter conducted under the firm name of William Klein & Son. John W. Klein married in 1889. There was born to him three children, Georgia Klein, John Klein, Jr., and Elizabeth Klein. At the date of the filing of the petition herein Georgia Klein was 16 years of age, John Klein, Jr., 14 years, and Elizabeth Klein 10 years. These grandchildren were all living at the time the testator made the will in question. The will was written on December 1, 1898, and the testator died in the year 1900. At the time of his death the testator had amassed a considerable fortune consisting principally of real estate in the city of Louisville. The will in question is as follows:

"Louisville, Ky., Dec. 1st, 1898.

"I, William Klein, being of sound mind and in good health in full knowledge and understanding of this my voluntary act and deed, in the fear of God, uninfluenced by any one, and without prejudice, make this my last will and testament, to be opened after my

death, and the trust and bequests named herein to be administered by my trustee hereinafter mentioned.

"1. After my personal debts are paid—I want my son, John W. Klein to have the business located 516 Fourth street with all standing credits and connections and my half interest in the house 728 West side of Fourth street in Louisville, Ky., all in his own name, also all the bank stock, in the German Insurance Bank in my name. .

"2. I will my daughter, Mamie Klein Buschmeyer, in her own name a house 734 Fourth street with all improvements thereon and a life insurance in the Equitable Life Society of New York. Should Mrs. Mamie Buschmeyer die before her husband Chas F. Buschmeyer and without any children I want her share even devidet between John W. Klein children when the youngest child comes of age. Put their father John W. Klein as their guardine without security.

"3. I want the balance of my estate to go to my beloved wife Elizabeth during her life and as long she remains my widow; after her death to be evenly devidet between John W. Klein & Mamie Klein Buschmeyer indiv. free from any husband and security and I appoint John W. Klein & Chas. F. Buschmeyer executor, without security, also my wife Elizabeth Klein as executor and without security.

'The above bequest to be free from all debts of any kinds whatsoever.

"[Signed]        WILLIAM KLEIN, Testator.

"Witness:
    "L. R. McCLEERY,
    "J. B. COLLINS."

Elizabeth Klein, the testator's wife, survived her husband and died intestate before her daughter Ma-

mie Klein Buschemeyer, who died on March 5, 1908, without children. She left a will which, after making certain specific bequests, contains the following clause: "I devise and bequeath to my husband Charles F. Buschemeyer, all the rest and residue of my property, real, personal and mixed, and where-soever situated."

This action was instituted by appellant, Charles F. Buschemeyer, against appellees, Georgia Klein, John Klein, Jr., and Elizabeth Klein, to quiet his title to certain real estate described in the petition, claiming that he derived his title to the property by devise from his wife, Mamie Klein Buschemeyer, who died about a year before the suit was instituted, and that his wife derived her title to the property under the will of her father, William Klein. Appellees defend on the ground that the words of defeasance in clause 2 of the will apply to the property devised in clause 3, and upon the death of Mamie Klein Buschemeyer without children, before her husband, the property passed to the appellees. The trial court held that the defeasance clause did not limit the estate devised in clause 2, but did limit the remainder interest devised to Mrs. Buschemeyer in clause 3, and judgment was entered quieting the title of appellees to the property in question. It was, however, adjudged that, inasmuch as Mamie Klein Buschemeyer had a defeasible fee in the property, appellant was entitled to curtesy therein under the authority of Rice, et al. v. Rice, 133 Ky. 406, 118 S. W. 270. From that judgment Chas. F. Buschemeyer appeals. Georgia Klein, etc., prosecute a cross-appeal from so much of the judgment as decrees that the defeasance clause did not apply to the estate devised in clause 2, and from so much of the

judgment as holds that appellant has curtesy in the lands in question.

In the case of McClelland's Executrix v. Mc-Clelland, 132 Ky. —, 116 S. W. 730, it is said: "This court has repeatedly decided that it is proper to consider the environments and the natural objects of the bounty of the testator, at the time of the making of the will, to enable the court to arrive at the intention of the testator in the construction of the will. * * * Recognizing the universal rule which is to the effect, that the intention of the testator must control, unless it contravenes some established policy of the law, and the technical rules of construction will not be allowed to defeat the plain intention of the testator, and that every clause in a will must be taken with reference to the others," etc.

The question for consideration is: Does the language used in clause No. 2, to-wit: "Should Mrs. Mamie Buschmeyer die before her husband Chas. F. Buschmeyer and without any children I want her share even dividet between John W. Klein children when the youngest child comes of age"—apply alone to the property specifically devised to Mamie Buschemeyer in that clause of the will, or was it intended by the testator to apply to only the property devised to her in the third clause of the will, or was it intended to apply to all the property devised by both clauses? It is the contention of appellant that this question must be determined by the position of the clause of defeasance, and that as it occurs in the paragraph marked "2" by the testator, it must be limited in its meaning to the property referred to in that clause. It is appellee's contention that the application of the defeasance clause must be determined by its own

language and the apparent intention of the testator, gathered from the will as a whole, and in this regard his relation to the objects of his bounty and his estate, and the circumstances surrounding him at the time he wrote the will, may be taken into consideration.

It is conceded that if the defeasance clause had appeared at the beginning of the will, or in the third clause, or at the end of the will, or had appeared in a separate and distinct clause, it would have limited the estate devised in remainder under the third clause. In arriving at the intention of the testator, Wm. Klein, it must be kept in mind that his education was very limited; that he did not thoroughly understand the use of the English language; that he specifically devised to each of his two children, in clauses 1 and 2, property of the value of $18,000 or $20,000; that the property devised by the third clause of the will was worth about $100,000; and that his intention was to give to his daughter a defeasible fee in all the property devised to her, or in a portion of it. There is no conflict in the provisions of the will. The only question to be determined is: To what property does the defeasance clause, as situated, refer? By the first clause he gave to his son John W. Klein, "in his own name," his part of the business in which he and his son were engaged as partners, and a half interest in a house, No. 728, on the west side of Fourth street, and all the stock in the German Insurance Bank in the testator's name. By the second clause he gave to his daughter, Mamie Buschemeyer, "in her own name," a house, No. 734 Fourth street, and a life insurance policy in the Equitable Life Society of New York. He gave this property to his children "in their own names," by which language he meant to

vol. 139—9

give them the fee-simple title. In our opinion, he did not mean to place any limitation whatever upon the title to this property—he gave it to them in fee. It is conceded that John W. Klein took his in fee, but the contention of appellant is that the next succeeding sentence made the devise to the daughter a defeasible fee. We do not think the testator intended that it should. This was only a small portion of his estate and $5,000 of it was an insurance policy—personalty, a thing that could be easily disposed of and wasted—and it would be strange indeed that this sturdy German intended that his daughter should have only a defeasible fee in it and the house mentioned in the second clause of his will, when by the third clause he devised to her realty of the value of $50,000 or more. It will be noticed that the sentence "Should Mrs. Mamie Buschmeyer die before her husband Chas. F. Buschmeyer, and without children I want her share even devidet between John W. Klein children when the youngest child comes of age," does not refer to the property specifically devised in the second clause of the will. No reference, such as the above property or the property devised in this clause or any other, is made showing that the testator had in mind the property covered by the specific devise; and he certainly, under the facts and circumstances surrounding him, did not refer to the house and insurance policy as her "share" of his estate, when in the next sentence he devised to her $50,000 worth of real estate.

In Wardner v. Seventh Day Baptist Board, 232 Ill. 606, 83 N. E. 1077, 122 Am. St. Rep. 138, the Supreme Court of Illinois, in speaking of the rule of construction, used this language: " 'The first and great rule in the exposition of wills, to which all other rules

must bend, is that the intention of the testator ex-
pressed in his will shall prevail, provided it be con-
sistent with the rules of law.' Smith v. Bell, 6 Pet.
68, 8 L. Ed. 322; Bradsby v. Wallace, 202 Ill. 239, 66
N. E. 1088. In seeking the intention of the testator
as to the construction and interpretation that should
be placed upon ambiguous terms or clauses in a will,
the relation of the parties, the nature and situation
of the subject matter, the purpose of the instrument,
and the motives which might reasonably be supposed
to influence him in the disposition of his property
may properly be considered. Smith v. Bell, supra;
17 Am. & Eng. Ency. of Law (2d Ed.) p. 21; 17 Cyc.
673, and cases cited in each. In discovering the inten-
tion of testator by judicial construction the courts
should apply natural methods of finding and weighing
evidence.'' In Thackston v. Watson, 84 Ky. 210, 1
S. W. 399, 8 Ky. Law Rep. 195, the court said: ''The
construction of a will, or any of its provisions, must
be controlled by the intention of the party making it,
and when that intention is ascertained from the whole
instrument it should be adopted, and no rule of con-
struction will be allowed to defeat the expressed or
plain intention of the testator. General rules of con-
struction will be followed when not inconsistent with
the manifest intention of the testator; but, says Mr.
Redfield: 'The court will place themselves as far as
practicable in the position of the testator and give
effect to his leading purpose and intention as indi-
cated by the words of the will construed with refer-
ence to all attending circumstances.' (Redfield on
Wills, vol. 1, p. 437.)''

To construe the defeasance clause in the will under
consideration as applicable to the property specifi-
cally devised to the daughter in the second clause

would defeat, in our minds, the plain intention of the testator. He intended that his daughter, as well as his son, when he used the words "in her own name," in the first and second clauses, should have a fee-simple title to the property specifically devised to them. The rule of contemporaneous construction applies to wills, and when it is doubtful or uncertain and the parties have, before the dispute arises, acted upon a certain construction of the will, that construction will have a controlling influence. In the case of Coulter v. Crawfordsville Trust Co., 88 N. E. 865, the Supreme Court of Indiana said (we quote from the syllabus): "Where the parties in interest have placed a construction on a written instrument and have acted thereon and have parted with valuable rights on the faith thereof, courts will enforce the writing as construed by the parties."

In the case at bar, John W. Klein, the father of appellees, conveyed to appellant's wife a fee-simple title to property in exchange for a conveyance by appellant and his wife of a fee-simple title in a house and lot, 734 Fourth street, devised to Mrs. Buschemeyer by the second clause of the will. We are of opinion that the lower court did not err in refusing to apply the defeasance clause referred to, to the property specifically devised in clause 2 of the will. In Re Hite's Estate, 155 Cal. 436, 101 Pac. 447, 21 L. R. A. (N. S.) 953, the Supreme Court of California, in speaking of rules in the construction of wills said: "The citation of such cases might be indefinitely multiplied, but they are of little value, for, as was also well said by the Court of Appeals of New York (Collister v. Fassit, 163 N. Y. 286, 57 N. E. 490, 79 Am. St. Rep. 586): 'It is a trite saying that no will has a brother, and it may also be said that the citation of

numerous authorities in most instances is of little as-
sistance to the court, as each will must be construed
in the light of  the peculiar surrounding circum-
stances, the scheme disclosed, the language employed,
and the intention of the testator gathered from the
general situation.' ''

Having arrived at this conclusion, it necessarily
follows that the defeasance clause must be applied to
the general devises in clause 3, as it is plain the tes-
tator meant to limit some part of his estate devised
to his daughter.  When the testator used the word
''share'' he did not mean the house, No. 734 Fourth
street, and the life insurance policy, but meant a por-
tion to come out of some greater portion. He did not
refer to a specific thing, but an undivided part owned
in common with others.  If he had intended that
clause to apply to the specific devise in clause 2, he
would have referred to it specifically, or used some
general description applicable in such a case as ''this
property'' or ''the above property,'' or some equiv-
alent expression.  But, as stated, he used the sen-
tence without any expression designating to what
property it applied, other than the use of the word
''share,'' and, in our opinion, he had in mind the five
pieces of real estate devised in the third clause of his
will, of the value of $100,000 or more.  It would seem
strange the testator had in mind giving his daughter
a defeasible fee in a particular house and insurance
policy and to his grandchildren upon certain con-
ditions, and giving the real estate, which is of far
greater value, to her without any restrictions.  Our
opinion is that the property devised in the third clause
of the will was intended by the testator to go to per-
sons of his blood in the event his daughter died before
her husband and without children, rather than to a

stranger. The following language used in the third clause of the will shows the intention of the testator to exclude the husband from participating in the estate, to-wit: "After her death to be evenly dividet between John W. Klein & Mamie Klein Buschmeyer indiv. free from any husband and security." It is made plain by the language, "indiv. free from any husband and security," that the testator intended to exclude, absolutely, the husband from the wife's estate. It is strange he would have carefully excluded the husband from participating in his wife's estate while she lived, and yet devised it so that he might receive it all after her death, to the exclusion of the testator's grandchildren. He knew that she had been married over eight years and no children had been born to her, and that the probabilities were that she would die childless, hence he was careful to exclude the husband from any portion of the estate devised to her other than that he specifically devised to her in the second clause of the will, which was only a small portion of his estate.

Appellant's counsel contend that, when there are two inconsistent clauses in a will, the later will prevail. This is true, but it has no application to the case at bar. There is no inconsistency between clauses 2 and 3 of the will. The sole question is whether the clause of defeasance limits the property devised in one or the other. Appellant's counsel also contend that, under the rules of construction, a limitation in one devise is not to be imported into a distinct devise without express reason therefor gathered from language used in the will. We have determined that the clause of defeasance does not limit the title to the property devised by the second clause of the will. The question is not the importation of limita-

tions, but what property is limited by the clause of defeasance, and this must be determined from the language used and the construction of the will as a whole, aided by the circumstances and conditions surrounding the testator in making the will.

Appellant's counsel lay some stress upon the fact that the defeasance clause is in the paragraph marked No. "2" of the will, and therefore must be made to apply alone to the property specifically devised therein. It is true that if there had been no numbering of the paragraphs of the will, there would have been no room for appellant's claim in this action. It will be observed that the defeasance clause is a separate and distinct sentence, and its wording and relation to other parts of the will make it separate and distinct from them. Its purpose was to limit something, and what this is, must be gathered from the terms used and the wording of the will as a whole, and not alone from the figures on the margin. In the defeasance clause, the testator referred to the "share" of the daughter. In the common acceptation of that term, it applies to a portion to be received out of undivided property.

In the case of Turner v. Balfour, 62 Conn. 91, 25 Atl. 449, the court said: "The word 'share' ordinarily means a part or a definite portion of a thing owned by a number of persons in common. It contemplates something owned in common by two or more persons, and has reference to that part of the undivided interest which belongs to some one of them."

In the construction of wills, contracts, and statutes, this court has frequently transposed words and whole sentences to arrive at the intention of the makers. In the case of Morrell Refrigerator Car Co.

v. Commonwealth, 128 Ky. 454, 108 S. W. 928, 32 Ky. Law Rep. 1386, this court said: "The cardinal rule of statutory construction is that the intention of the legislature shall be effectuated even at the expense of the letter of the law; and to accomplish this, the meaning of words may be modified, the structure of sentences changed, or some words rejected altogether, and others interpolated."

In Redfield on the Law of Wills, p. 431, it is said: "There is no more clearly established rule of construction, as applicable to wills, than that words, or clauses, or sentences, or even whole paragraphs, may be transposed to any extent, with a view to show the intention of the testator."

In the case of Jordan v. Woodin, 93 Iowa, 453, 61 N. W. 948, the court said: "In the interpretation of a will, 'the intention of the testator is the first and grand object of inquiry, and to this object technical rules are, to a certain extent, subservient'; and when ascertained, and not contrary to law, it is controlling. Benkert v. Jacoby, 36 Iowa, 274; Schouler, Wills, sections 466, 467. The intention may be gathered from the instrument itself, as well as from the relation of the testator to the parties in interest, his family arrangements, and the circumstances which surround them. Van Rheenen v. Veenstra, 47 Iowa, 687; Schouler, Wills, section 467. The intention is to be gathered from all parts of the will taken together, and not from detached portions. Heidlebaugh v. Wagner, 72 Iowa, 606, 34 N. W. 439; Schouler, Wills, sections 468, 473; Redf. Wills, 431. And, to ascertain the intention of the testator, it is sometimes admissible to change the language of the will, to discard words as surplusage when they appear to be without meaning as used, to supply words, to

transpose words, sentences, phrases, and even paragraphs. Schouler, Wills, section 477; Redf. Wills, 431.''

In the case of Thackston v. Watson, 84 Ky. 211, 1 S. W. 399, 8 Ky. Law Rep. 195, this court said: ''The words contained in a particular clause of a will, when alone considered, may bring the devise within the operation of a general rule, but when considered with reference to the whole will, a different construction must often prevail; otherwise the plain intention of the testator would be defeated.''

We therefore conclude that each clause of the will must not be construed separately, but with reference to the entire will, the language used, the facts and circumstances surrounding its making; and, in our opinion, when the will under consideration is so construed, the defeasance clause must be confined to the property devised to his daughter in common with her mother and brother by the third clause of the will.

The cross-appeal by appellees questions the action of the lower court in allowing appellant curtesy in the property devised in the third clause. This question has been expressly decided against appellees in the case of Rice v. Rice, 118 S. W. 270 (to be officially reported), 133 Ky. 406, and the authorities therein cited.

We finally conclude that Mrs. Buschemeyer took a defeasible fee in the property devised in the third clause of the will, and, upon her death without children, her husband, appellant, took curtesy therein, and that the children of John W. Klein took immediately the whole estate, subject to his curtesy, and hold it subject to be opened up to receive after-born

children, and which is to be divided among them when the youngest becomes of age.

For these reasons, the judgment of the lower court is affirmed.