### Cooper's Admr. v. Clarke.

(Decided June 24, 1921.)

### Appeal from McCracken Circuit Court.

1. Wills—Defeasible Fee.—A defeasible fee is created when the devise is to one with a proviso that it shall be defeated on the happening of a named contingency.
2. Wills—Defeasible Fee—Interest of Husband in Wife's Estate.—Though a defeasible fee was created by the provision in the will that should any of testator's children die without issue the portion of the one so dying should be divided equally among the remaining children, the husband has an estate by curtesy of one-third of the wife's real estate, even though she dies without issue.

J. K. KENDRICK and JOE McCARROLL for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Both the administrator with the will annexed of William H. Rieke and his heirs in separate actions now consolidated have sought a construction of the will of said Rieke. The will was made in 1904; he died in 1910, a resident of McCracken county, and these suits were brought in the McCracken circuit court in 1919 and later consolidated and heard together. Rieke left a considerable estate, consisting in part of improved real estate in the city of Paducah which was leased for long terms at good monthly rentals. Five children, two sons and three daughters, all married, survived him, but in 1918 Mrs. Cooper, a daughter and devisee, died intestate leaving a husband, James E. Cooper, but no issue of her body.

By the second paragraph of his will, after directing that his debts and his funeral expenses first be paid, it is provided: "I want all my estate of whatever kind and wherever situated, to be equally divided between my five beloved children, Frank H. Rieke, William H. Rieke, Lilly M. Burnett, Carrie L. Cooper and Clara A. Burnett, except as hereinafter provided." Here follows a provision giving the daughters $5,000.00 each and some stock in an ice plant to make them equal with the two sons, to whom he had theretofore given valuable stocks. He also acquitted all of his children of all debts owing him.

The fifth paragraph of his will reads:

"I wish that all of the real estate as herein devised to my five children, shall remain intact for fifteen years, the income in the meantime, after the payment of taxes, repairs, insurance, and other charges thereon, to be received and enjoyed by my said children equally during that time and at the end of the fifteen years said real estate shall be equally divided between them, if they so desire."

This litigation would not have arisen except for the seventh paragraph, which says:

"If either of my children shall die without leaving issue, then the portion of the child so dying shall be divided equally between my remaining children or their bodily heirs."

The eighth paragraph provides:

"Within ninety days after my death my executors shall, after paying to my three daughters the fifteen thousand dollars referred to in the second clause of this my last will, divide equally between all my children whatever money there may be remaining of my estate at my death; and commencing ninety days after my death my

executors shall divide equally between my children the rents and income of my estate which shall have accrued from that time; and every sixty days thereafter, or sooner, if they can conveniently do so, said executors shall divide equally between my said children the rents and income of my estate as same may accrue.''

By the ninth clause of the will all five of the children and beneficiaries were named as executors. They failed to qualify, and appellant, James E. Cooper, was named and qualified as administrator with the will annexed, and is now so acting.

As husband of one of the deceased beneficiaries of the Rieke will, Cooper is claiming an interest in the rents and profits of the real estate belonging to said estate. It is his contention that the real property of William H. Rieke passed to and vested in the five children under the will, of whom his wife was one, immediately upon the death of the testator in 1910, and his wife before her death being seized of a vested estate, he is entitled to a curtesy therein, and to take and convert a fifth of the rents and profits arising from said real estate to his own use and benefit. This claim of Cooper is denied by the heirs of Rieke, who insist that under the provisions of the will the share of Mrs. Cooper in the estate passed to the other four children of Rieke on her death without issue; that the clause of the will "die without leaving issue" in the seventh paragraph thereof refers to the death of the devisee after the death of the testator but before the period of distribution fixed in the fifth clause of the will at fifteen years from the death of the testator. The trial court took this view of the testamentary paper and held Cooper not entitled to any interest whatever in the share of the wife in the Rieke estate. From this judgment Cooper appeals.

We think the second paragraph of the will, while expressing only a wish as to how testator's property should go, may be read: "I will all my estate of whatever kind and wherever situated to my five beloved children, Frank H. Rieke, William H. Rieke, Lilly M. Burnett, Carrie L. Cooper and Clara A. Burnett, in equal portion, except that my said three daughters shall first receive $5,000.00 each in money and one-third each of my stock in the Paducah Ice Factory." The clause "except as hereinafter provided" has reference to the equalization of the daughters with the sons by giving to each daughter $5,000.00 in money and one-third of testator's remaining stock in

the ice factory. In other words, the testator gave his entire estate in fee to his five children equally after the three daughters each received from it $5,000.00 in cash and one-third of the stock he then owned in the ice factory to make them equal with the two sons who had theretofore received from the testator a large block of stock in the ice plant. The devise was not, by this clause, made conditional, but absolute. He devised his entire estate to his five children. The five children became invested jointly with title to the entire estate immediately upon the death of the devisor. They received the same title the testator had to the portion devised to each, subject to the exception expressed in the seventh paragraph, but the fifth clause of the will requires the devisees to hold the property intact, that is, as the testator had held it, as joint tenants, co-partners or tenants in common, for a period of fifteen years from the effective date of the will, at the end of which time the devisees, or such of them as are living, may have a division of the real estate in kind if they so desire, or if not they may continue the joint ownership indefinitely, or sell and divide the proceeds. The vesting of the title and the constructive possession were not postponed but took effect *eo instanti* on the death of the testator. The five devisees were to all hold the property in common as one person until the end of fifteen years next after testator's death, at which time the property itself—not its proceeds—should be divided equally between them, if a division was desired.

Up to the end of the fifteen year period of joint ownership fixed by the testator the title to the property was not intended to and is not absolute in the individual devisees but only a fee defeasible upon the death of either of said devisees within fifteen years without leaving issue, as provided in paragraph seven of the will. Differently stated, each child took a defeasible fee to one-fifth part of the testator's real estate, subject to be defeated on the death of the devisee without issue at any time after the death of the testator and before the end of the fifteen year period of joint ownership.

The question then arises, what interest does the husband take in lands of the deceased wife to which she had only a defeasible fee? A defeasible fee is created when the devise is to one with a proviso that it shall be defeated on the happening of a named contingency, as where the devise is to A, and if he should die without issue then to B. In such case A takes a fee subject to be

defeated on his death without issue.   The devise to B will
never take effect if A die leaving issue, for the estate be-
·comes absolute in A and his heirs, his issue taking by
descent from A and not under the will.   Ramsey v. Wills,
85 Ky. 492.

By section 2132, Ky. Statutes, the surviving husband
or wife has an estate for life in one-third of the real es-
tate of the deceased spouse.   In the case of Rice v. Rice,
133 Ky. 406, we held that the wife was entitled to dower
in the land to which her deceased husband had only a de-
feasible fee.   This rule has been recognized by this court
in a line of cases extending back to 1852, as evidenced by
the opinions following:  Stockholders of Shelby R. Co.
v. L. C. & L. R. Co., 12 Bush 65; 10 R. 1013; Webb v. Tr.
Baptist Church, 90 Ky. 117, 11 R. 926.

In every case where the husband or wife dies seized
of such an estate in land that the issue of the body of
the surviving spouse would inherit from its deceased
parent, if a wife, will take dower and, if a husband, cur-
tesy, under our statute, section 2132, even though a fail-
ure of issue in fact defeats the fee.   Rice v. Rice, *supra;*
Landers v. Landers, 151 Ky. 214; Ferguson v. Ferguson,
153 K. 744; Duncan v. Duncan, 150 Ky. 826.

We must hold in accordance with the foregoing rule
that appellant, Cooper, as the surviving husband of a de-
ceased beneficiary of the Rieke will, is entitled to curtesy
in the lands which were devised to her by the Rieke will
and in which she had, at the time of her death, a defeasi-
ble fee.

As he is entitled to the use of one-third of the real es-
tate to which Mrs. Cooper in her lifetime held a defeasible
fee he will take one-third of the net rents and profits aris-
ing from such one-fifth of the Rieke estate and will ac-
count to the estate for all other income from such prop-
erty.

Judgment reversed for proceedings consistent here-
with.